(Nos. 48359-64 cons.—
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. C. BETTS REALTORS, INC., *et al.*, Appellees.

*Opinion filed March 23, 1977.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Renee G. Goldfarb, Assistant State's Attorneys, of counsel), for the People.

F. Willis Caruso, Marie Sanon, and Horace Fox, Jr., all of Chicago, for appellees.

Arthur C. Thorpe of Klein, Thorpe, Kasson & Jenkins, of Chicago, for *amicus curiae* the Village of Oak Park.

John S. Meany, Jr., Themis N. Karnezis, and Peter B. Carey, all of Chicago, for *amicus curiae* the Beverly Area Planning Association.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In four separate complaints filed in the circuit court of Cook County defendants Carolyn L. Stevenson and C. Betts Realtors, Inc., her employer, were charged with two separate offenses of unlawful solicitation for the sale of residential property after receiving notice that the owner did not desire to sell or be solicited for such sale (Ill. Rev. Stat. 1973, ch. 38, par. 70–51(d)(2)). In two separate complaints defendants Jesse T. Jones and Ebony Real Estate, Inc., her employer, were charged with one violation of the same statute. Alleging that the statute was unconstitutional, defendants, in separate motions, moved to dismiss each complaint. Holding the statute unconstitutional, the circuit court dismissed the complaints, and the People appealed directly to this court. (58 Ill. 2d R. 603.) The cases have been consolidated for oral argument and opinion.

Section 1 of "An Act to prohibit the solicitation or inducement of sale or purchase of real estate on the basis of race, color, religion or national origin or ancestry" (Ill. Rev. Stat. 1973, ch. 38, par. 70–51 *et seq.*) provided that it shall be unlawful knowingly to "solicit for sale, lease, listing or purchase any residential real estate within the State of Illinois, on the grounds of loss of value due to the present or prospective entry into the vicinity of the property involved of any person or persons of any particular race, color, religion or national origin or ancestry" (ch. 38, par. 70–51(a)); "distribute or cause to be distributed, written material or statements designed to

induce any owner of residential real estate in the State of Illinois to sell or lease his property because of any present or prospective changes in the race, color, religion or national origin or ancestry, of residents in the vicinity of the property involved" (ch. 38, par. 70–51(b)); or "create alarm, among residents of any community, by transmitting in any manner including a telephone call whether or not conversation thereby ensues, with a design to induce any owner of residential real estate in the State of Illinois to sell or lease his property because of any present or prospective entry into the vicinity of the property involved of any person or persons of any particular race, color, religion or national origin or ancestry" (ch. 38, par. 70–51(c)).

Paragraph (d) of section 1 in pertinent part provided:

"It shall be unlawful for any person or corporation knowingly:

\* \* \*

"(d) To solicit any owner of residential property to sell or list such residential property at any time after such person or corporation has notice that such owner does not desire to sell such residential property or does not desire to be solicited to sell or list for sale such residential property. For the purpose of this paragraph, a person has such notice \*\*\* (2) when he has been notified in writing that the owner does not desire to sell or list for sale such residential property." Ill. Rev. Stat. 1973, ch. 38, par. 70–51(d)(2).

In *People v. Tibbitts*, 56 Ill. 2d 56, we held invalid, as an unconstitutional grant to that agency of an arbitrary power, the provision in paragraph (d) which delegated to the Human Relations Commission the authority to issue notice not to solicit for the sale of real estate from listed owners (Ill. Rev. Stat. 1969, ch. 38, par. 70–51(d)(1)). We declined, however, to pass on the validity of section 1(d)(2) (Ill. Rev. Stat. 1969, ch. 38, par. 70–51(d)(2)).

In each complaint it is charged that on the date and at the address alleged the named defendant committed the offense of unlawful solicitation for sale of real estate

"in that he did solicit the above-named complainant, an owner of residential property, to sell such residential property after said defendant had notice that said owner did not desire to sell said residential property or be solicited for sale of said residential property, in violation of Chapter 38 Section 70—51(d)."

Defendants' motions to dismiss alleged: (1) that section 1(d)(2) is "an unconstitutional limitation of the right of free speech, the right to engage in commerce and to earn a living, is an unlawful investiture of legislative power, and is otherwise unconstitutional" under the Illinois Constitution; (2) that the statute is violative of the Federal Constitution and, "as applied, in violation of statutes of the United States of America, 42 U.S.C. secs. 3601 et seq. and 42 U.S.C. sec. 1981, sec. 1982 and sec. 1983"; (3) that it violates the Illinois Constitution "with respect to discrimination as it relates to housing based on race"; (4) that the notice was not proper because it was not signed; (5) that the complaint fails to state a cause of action; and (6) that the statute is vague and indefinite and to the extent that it "gives to a private party not a homeowner the arbitrary and unrestricted power to determine what the law shall be and to whom the law shall apply" it is unconstitutional under *People v. Tibbitts.* No evidence was taken at the hearing on the motion to dismiss, and apparently the circuit court found the statute unconstitutional on its face.

The People contend that subparagraph (d)(2) of section 1 "is a rational and proper means, developed by the legislature, to carry out the general purpose of the act" and is not violative of either the United States or Illinois constitutions. Defendants' contentions on appeal are substantially the same as the grounds set forth in their motions to dismiss the complaints. Briefs urging reversal have also been filed by *amici curiae,* the village of Oak Park and Beverly Area Planning Association, a not-for-profit corporation "organized to maintain and promote

the welfare of the Beverly Hills and Morgan Park neighborhoods on the Southwest side of the city of Chicago."

Portions of the arguments of defendants and *amicus* Beverly Area Planning Association are based on assertions of fact made in their respective briefs but not contained in the records. The orders of the circuit court were based upon the complaints and the motions to dismiss, and factual matters *dehors* the record are not before us.

Prior to reaching the constitutional questions presented, we must determine whether, as contended by defendants, the complaints "fail to state a cause of action." We hold that the complaints meet the requirements of section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 111—3) and are sufficient to charge the offense of unlawful solicitation of the sale of real estate.

The parties agree that the primary purpose of the Act is to prevent "blockbusting" or "panic peddling" and the constitutionality of such legislation is no longer open to question. (See *Chicago Real Estate Board v. City of Chicago,* 36 Ill. 2d 530.) Defendants argue, however, that while subparagraph (a) of the section is "explicit," contains "safeguards" and "standards" and "gets at the heart of a problem which is real and must be remedied," subparagraph (d) is not "explicit," contains no "safeguards" or "standards" and "is injurious to commerce."

Defendants argue that "the right of free speech \*\*\* even though \*\*\* related to commercial activity \*\*\*" is entitled to protection under the first amendment and the decision of the Supreme Court in *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 48 L. Ed. 2d 346, 96 S. Ct. 1817, clearly sustains that position. (See also Rotunda, *The Commercial Speech Doctrine in the Supreme Court,* 1976 U. Ill. L.F. 1080.) The right, however, is not free of all limitation.

*Martin v. City of Struthers,* 319 U.S. 141, 87 L. Ed. 1313, 63 S. Ct. 862, involved a city ordinance which made

it unlawful for any person distributing handbills or other advertisements to ring the doorbell or otherwise summon the occupant of any residence to the door for the purpose of receiving such handbill or other advertisement. In holding the ordinance unconstitutional the court stated:

"Freedom to distribute information to every citizen wherever he desires to receive it is so clearly vital to the preservation of a free society that, putting aside reasonable police and health regulations of time and manner of distribution, it must be fully preserved. The dangers of distribution can so easily be controlled by traditional legal methods, leaving to each householder the full right to decide whether he will receive strangers as visitors, that stringent prohibition can serve no purpose but that forbidden by the Constitution, the naked restriction of the dissemination of ideas." 319 U.S. 141, 146-47, 87 L. Ed. 1313, 1319, 63 S. Ct. 862, 865.

The court pointed out:

"A city can punish those who call at a home in defiance of the previously expressed will of the occupant and, in addition, can by identification devices control the abuse of the privilege by criminals posing as canvassers. In any case, the problem must be worked out by each community for itself with due respect for the constitutional rights of those desiring to distribute literature and those desiring to receive it, as well as those who choose to exclude such distributors from the home." 319 U.S. 141, 148-49, 87 L. Ed. 1313, 1319-20, 63 S. Ct. 862, 866.

In *Rowan v. United States Post Office Department*, 397 U.S. 728, 25 L. Ed. 2d 736, 90 S. Ct. 1484, plaintiffs initiated an action seeking a declaratory judgment that title III of the Postal Revenue and Federal Salary Act of 1967 (39 U.S.C. sec. 4009 (1964 ed., Supp. IV)) was

unconstitutional. The statute authorized a householder to require that a mailer of pandering advertisements remove his name from its mailing lists and stop all future mailings to him. The statute was challenged on the ground that it violated the constitutional right to communicate and that it was unconstitutionally vague.

As to the restriction on the right to communicate, the Supreme Court said:

> "We therefore categorically reject the argument that a vendor has a right under the Constitution or otherwise to send unwanted material into the home of another. If this prohibition operates to impede the flow of even valid ideas, the answer is that no one has a right to press even 'good' ideas on an unwilling recipient." (397 U.S. 728, 738, 25 L. Ed. 2d 726, 744, 90 S. Ct. 1484, 1491.)

The General Assembly has concluded that limiting the solicitation of the sale or listing for sale of residential property serves to further the goals which the Act is intended to achieve and in the light of these authorities we see no constitutional infirmity in section 1(d)(2) (Ill. Rev. Stat. 1973, ch. 38, par. 70—51(d)(2)).

Concerning defendants' argument that whereas subparagraph (a) of section 1 is "explicit" the provisions of subparagraph (d) are vague and indefinite, we find apposite the following language from *Rowan*:

> "There is no merit to the appellants' allegations that the statute is unconstitutionally vague. A statute is fatally vague only when it exposes a potential actor to some risk or detriment without giving him fair warning of the nature of the proscribed conduct. *United States v. Cardiff,* 344 U.S. 174, 176 (1952). Here the appellants know precisely what they must do on receipt of a prohibitory order. The complainants' names must be removed from the sender's mailing lists and he

must refrain from future mailings to the named addressees. The sender is exposed to a contempt sanction only if he continues to mail to a particular addressee after administrative and judicial proceedings. Appellants run no substantial risk of miscalculation." (397 U.S. 728, 740, 25 L. Ed. 2d 736, 745, 90 S. Ct. 1484, 1492.)

Here, upon receipt of written notice defendants knew precisely what they must not do and they too ran "no substantial risk of miscalculation."

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*