THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ROBERT T. NASEEF, Defendant-Appellee.

Third District No. 3—83—0633

Opinion filed August 24, 1984.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

This case comes to us on the State's certification that a suppression order of the trial court substantially impairs its ability to prosecute. The relevant order excluded from evidence certain statements of the defendant, Robert T. Naseef. The State argues that the court erred in excluding the defendant's statements. We affirm.

The defendant was ticketed for driving under the influence of alcohol. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a).) When the defendant was in the arresting officer's squad car, the officer, Randy

Reagan, requested that the defendant take a breath analysis test. He also informed the defendant of the consequences of refusing to take the test. According to the officer, the defendant declined to consent to the test. The officer then transported the defendant to the police station. According to the officer, as he and the defendant entered the station, he again asked if the defendant wanted to take the breath test. The defendant again stated he did not want to take the test. The defendant and the officer continued to the breath test room.

After sitting briefly in the room, the defendant asked to go to the restroom. In the restroom, Officer Reagan observed the defendant using breath spray. The officer confiscated the spray bottle and told the defendant that if he decided to take the test he could not have anything in his mouth at the time. The defendant then announced that he would submit to the test. The test showed that the defendant's breath alcohol level was greater than 0.10, at which concentration the Illinois Vehicle Code sets out a presumption that one is under the influence of alcohol. Ill. Rev. Stat. 1983, ch. 95½, par. 11−501.2(b)(3).

Prior to his trial, the defendant filed a motion to suppress the result of the breath analysis test and all of his statements. The court denied the motions. The defendant then filed a motion *in limine* in which he prayed, *inter alia*, that the court exclude evidence that he had refused the breath test. Following a hearing on the motion *in limine*, the court excluded any evidence that the defendant had refused the breath test. The State appeals from that order.

On appeal the State argues first that the defendant's refusal was admissible under section 11−501.2(c) of the Illinois Vehicle Code. The statute provides that "[i]f a person under arrest refuses to submit to a chemical test under the provisions of Section 11−501.1, evidence of refusal shall be admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person under the influence of alcohol *** was driving ***." Ill. Rev. Stat. 1983, ch. 95½, par. 11−501.2(c).

The State argues that the plain language of the statute provides for admissibility of a refusal and that it makes no exception for a refusal followed by a consent. The State further argues that the defendant's later consent should go only to the weight to give the prior refusal. Additionally, the State contends that the legislative purpose of the statute was to admit all competent evidence bearing on the question of the defendant's intoxication. According to the State, the defendant's statements constitute admissions of guilt and are, therefore, competent evidence which should have been admitted.

Alternatively, the State argues that even if the trial court prop-

erly held that an accused's initial refusal of a breath analysis test is inadmissible when he subsequently consents to take the test, then the defendant here did not consent to take the test. More specifically, the State asserts that the defendant's uncooperative act of using breath spray so clearly interfered with the objective results of the test that it constituted a refusal.

The defendant argues in response that the legislature intended that a refusal be admitted only in lieu of test results. In the defendant's view, since he did ultimately consent to take the test, he did not refuse as contemplated by the legislature. Additionally, the defendant points out that Officer Reagan made persistent and repeated attempts to have the defendant take the breath test. He argues, then, that it would be fundamentally unfair to allow the State to present evidence both of the defendant's initial refusals and of the ultimately acquired test results.

We first address the issue of whether a defendant's initial refusal of a breath test is admissible under section 11—501.2(c) when the defendant later consents and completes the test. The issue appears to be one of first impression in Illinois.

The foremost consideration of a court's construing a statute is to give effect to the intent of the legislature. (*People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596.) In ascertaining the legislative intent, a court of review considers the language used, the evil to be remedied, and the object to be obtained. *People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627.

The Illinois General Assembly, as part of its program to deter drinkers from driving, enacted an "implied consent" law (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), to which the instant statute is related. The Illinois implied consent law and its companion provisions are similar to the State statute which the United States Supreme Court upheld in *South Dakota v. Neville* (1983), 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916.

The Illinois statutes, like the statute in *Neville*, declare that any person operating a vehicle on public highways in the State is deemed to have consented to a chemical test for alcohol content in his blood if he is arrested for driving while intoxicated. While a State can force a person suspected of driving while intoxicated to submit to a blood alcohol test under an implied consent statute (*South Dakota v. Neville* (1983), 459 U.S. 553, 559, 74 L. Ed. 2d 748, 756, 103 S. Ct. 916, 921), under the Illinois statutes, a suspect is allowed to refuse to take a chemical test for intoxication. However, the statutes discourage refusal by providing that if a person under arrest refuses to submit to a

test, his refusal shall be admissible in court against him. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2.

The Illinois Vehicle Code's provision for admission in a criminal proceeding of a defendant's refusal to submit to a chemical examination for intoxication was added by Public Act 82—311, sec. 1, effective January 1, 1982. Public Act 82—311 also struck the Code's prior provision that a defendant's refusal was inadmissible in a criminal proceeding such as the one here. Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(h).

The legislature enacted the statute in question as part of its continuing effort to curb the public safety threat of drunk drivers. The statute attempted to achieve that end by more readily providing evidence of drunkenness. With the provision in question the legislature not only allowed the criminal trial use of evidence of refusal, it also sought to encourage or to compel affected drivers to submit to chemical tests. As between those two alternatives provided by the statute, the State prefers that a suspect take the test, because the inference of intoxication arising from a positive chemical test is far stronger than that arising from a refusal to take the test. See *South Dakota v. Neville* (1983), 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916.

Chemical test results are certainly more probative of a defendant's intoxication than is evidence of a defendant's refusal to be tested. Furthermore, the State's interest in having an affected driver submit to a chemical test does not end upon his initially declining to submit. We conclude that the legislature intended to present a driver, as an incentive to submit, with the continuing option to prevent admission of evidence of his refusal to be tested by actually completing a test.

■ From our examination of the statute in question and the objective sought to be achieved, we conclude that the legislature intended the words "refuses to submit" and "refusal" to refer to instances where a suspect refuses to take a chemical test and does not complete a test. We do not believe that the legislature intended that a "refusal" exist, for purposes of the statute, where a suspect initially declines to take the test but ultimately agrees to take and does complete the test.

We now address the State's argument that the defendant, by his use of breath spray immediately before taking the test, did not consent to take the breath analysis examination. The State relies on *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459, in which the defendant initially refused, then subsequently decided, to submit to a breath test for intoxication. Following his decision to sub-

mit, defendant Schuberth was instructed to blow on the tube leading to the machine for measurement. The defendant sucked rather than blew on the tube, and no readings were obtained from the test attempts. The Second District held that the defendant's verbal consent together with his physical conduct constituted a refusal to submit to a breath test for purposes of the Illinois implied consent law.

■ *Schuberth* is distinguishable from the instant case. This defendant's "non-cooperation" did not rise to the level of defendant Schuberth's. The record includes no evidence that prior to his use of the spray the defendant had been instructed not to use a product such as breath spray. Further, the defendant apparently complied with all of the instructions he received from the officers regarding the test. Most importantly, this defendant did complete a test that yielded readings on his blood alcohol level. We note that the State offers no support for its assertion that the defendant's use of the spray interfered with the objective results of the breath analysis test. We will not presume such a fact. Based on the record, we do not find that the defendant's use of breath spray prior to completing the breath analysis test constituted a refusal for purposes of the instant statute.

Lastly, we address the point raised in the State's reply brief. The State there requests this court to hold that the defendant's statements of refusal may be admitted in rebuttal if the defendant argues at trial that his use of breath spray tainted the breathalyzer results. It would be improper for us to so hold since there is no actual controversy. "A court will not declare the rights of parties on a state of facts which has not arisen and which may never arise or on a matter which is future, contingent, and uncertain." *Continental Illinois National Bank & Trust Co. v. Bailey* (1982), 104 Ill. App. 3d 1131, 433 N.E.2d 1098.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.