JAMES WILLS, Plaintiff-Appellant, *v.* JAMES O'GRADY *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-1429

Opinion filed July 24, 1980.

Frederick F. Cohn, of Chicago, for appellant.

William J. Scott, Attorney General, and Bernard Carey, State's Attorney, both of Chicago (Donald B. Mackay, Melbourne A. Noel, Jr., and Thomas C. Crooks, Assistant Attorneys General, and Ronald P. Stake, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Plaintiff James Wills appeals from the dismissal of his first amended complaint in which he sought a declaratory judgment that certain State statutes and Chicago municipal ordinances would be unconstitutional if applied to his intended conduct of sunbathing nude at public beaches in Chicago and elsewhere in Illinois.

We affirm the judgment of the trial court.

In his amended complaint plaintiff alleges the following. He desires to sit in the nude at the public beaches of Chicago, Illinois Beach State Park in Lake County, and elsewhere in Illinois. In August 1973 and July 1974 he was arrested and prosecuted on charges of disorderly conduct (Ill. Rev. Stat. 1973, ch. 38, par. 26—1(a)(1)) for appearing in the nude in his own backyard in Hanover Park, Illinois. Plaintiff was found not guilty in the first instance and the second case was "SOL'ed." On August 5, 1978 (plaintiff's original complaint was filed in April 1978) he went to Illinois Beach State Park, removed his clothing at a beach, and sat in the nude. Two hours later 10 officers from the Illinois Department of Conservation appeared and told him he would be arrested and charged with disorderly conduct if he did not put his clothes on within five minutes. The complaint is silent as to what then occurred. Plaintiff further alleges that he faces the danger of arrest and conviction for the exercise of his constitutionally protected right to sit in the nude. Specifically, plaintiff alleges:

"Plaintiff intends to arrive at a public beach in the City of Chicago and public beaches in the State of Illinois. There he intends to take off all his clothes and sit on a beach towel and read a book. He may on occasion lie down or stand up. He does not intend to fondle himself or cause a display of his penis or of any other part of his body other than might be caused by normal shifting of position. This conduct is not done with the intent to arouse or satisfy his sexual desires."

Plaintiff contends that the following statutes and ordinances will be applied to this behavior, resulting in his arrest and prosecution:

"(a) A person commits disorderly conduct when he knowingly:
(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace; * * *." Ill. Rev. Stat. 1977, ch. 38, par. 26—1(a)(1).

"(a) Any person of the age of 17 years and upwards who performs any of the following acts in a public place commits a public indecency:
(3) A lewd exposure of the body done with intent to arouse or to satisfy the sexual desire of the person; * * *." Ill. Rev. Stat. 1977, ch. 38, par. 11—9(a)(3).

Section 193—1(a) and section 193—1(b) of the Municipal Code of the City of Chicago:

"A person commits disorderly conduct when he knowingly:
(a) Does any act in such unreasonable manner as to provoke, make or aid in making a breach of peace; or
(b) Does or makes any unreasonable or offensive act, utterance, gesture or display which, under the circumstances creates a clear and present danger of a breach of peace or imminent threat of violence; * * *."

Section 192—7 of the Municipal Code of the City of Chicago:

"Any person who shall commit any indecent, lewd, or filthy act in any public place in the city; who shall utter any lewd or filthy words, sing any song the words of which are suggestive of indecency or immorality, or use any threatening or abusive language in the hearing of other persons; who shall make any obscene gesture in the presence of other persons; or, who shall make any overture of lewdness, tending to pervert the morals of any person, upon or in the public ways or other public places or in any public conveyance in the city, is hereby declared to be a common nuisance and shall be fined not to exceed two hundred dollars for each offense."

Section 192—8 of the Municipal Code of the City of Chicago:

"Any person who shall appear, bathe, sunbathe, walk or be in any

public park, playground, beach or the waters adjacent thereto, or any school facility and the area adjacent thereto, or any municipal building and the areas adjacent thereto, or any public way within the City of Chicago in such a manner that the genitals, vulva, pubic, pubic hair, buttocks, perineum, anus, anal region, or pubic hair region of any person, or any portion of the breast at or below the upper edge of the areola thereof of any female person, is exposed to public view or is not covered by an opaque covering, shall be fined not less than twenty dollars nor more than two hundred dollars for each offense."

Section 192—14 of the Municipal Code of the City of Chicago:

"No person shall swim or bathe in the waters of Lake Michigan adjacent to the city, or in any part of the harbor, or in any public bathing beach or public swimming pool in the city, unless such person is clothed in a suitable bathing dress.

Any person violating the provisions of this section shall be fined not less than five dollars nor more than five hundred dollars for each offense."

Plaintiff contends that these provisions are unconstitutional on their face and as applied to his intended actions because they are vague, overbroad in that they prohibit conduct protected by the first amendment, violate the right of privacy, and violate the right of individual liberty. He sought a declaratory judgment that they are unconstitutional and illegal as applied to his intended conduct.

The trial court dismissed the action because it found that there was no actual controversy and the alleged violations of rights were speculative in that they were based on possible future occurrences.

The statute authorizing declaratory judgments provides in pertinent part:

"No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court *may*, in cases of *actual controversy*, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the * * * construction of any statute, municipal ordinance, or other governmental regulation * * * and a declaration of the rights of the parties interested. * * *." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 110, par. 57.1.

As stated in *Berg v. City of Chicago* (1968), 97 Ill. App. 2d 410, 416-17, 240 N.E.2d 344, 347-48:

"Declaratory judgments were unknown at common law and were created by statute. The statute is to be liberally construed but its provisions are to be strictly complied with. In order for this court to obtain jurisdiction to enter a declaratory judgment on the

rights in question, it is incumbent upon the plaintiffs to demonstrate that such a judgment would be based upon an actual justiciable controversy. If the plaintiffs will suffer an infringement of their rights and be adversely affected thereby only in the event that some future possibility in fact occurs or does not occur, then the right in question is speculative and a declaratory judgment cannot be entered. Plaintiffs are not entitled to declaratory relief in the absence of a justiciable controversy unless they can show not only that the ordinance is invalid, but also that they have sustained or are immediately in danger of sustaining some immediate injury as a result of its enforcement."

The requirement of an actual controversy has been construed as requiring a "concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300.) Furthermore the granting or denying of a request for declaratory relief is a matter for the sound discretion of the trial judge and absent a showing of abuse of that discretion his determination will not be disturbed on appeal. (*Aetna Insurance Co. v. Janson* (1978), 60 Ill. App. 3d 957, 377 N.E.2d 296; *Krebs v. Mini* (1977), 53 Ill. App. 3d 787, 368 N.E.2d 159.) Dismissal of the complaint is an appropriate method of declining to grant declaratory relief. *Coles-Moultrie Electric Cooperative v. City of Charleston* (1972), 8 Ill. App. 3d 441, 289 N.E.2d 491; *Bathe v. Stamper* (1966), 75 Ill. App. 2d 265, 220 N.E.2d 641.

■ We agree with the trial court that in this cause plaintiff has failed to allege facts establishing an actual, concrete controversy. The two instances in which plaintiff was actually arrested and prosecuted concerned activities in or about his home; plaintiff was not engaged in the activity for which he now seeks protection, nude sunbathing at a public beach. Moreover those activities occurred several years prior to the filing of this suit. In addition to these allegations plaintiff has cited one isolated instance in which Department of Conservation police threatened him with arrest for disorderly conduct (apparently Ill. Rev. Stat. 1977, ch. 38, par. 26—1, although plaintiff failed to specify the statute involved in his complaint). There is no allegation that he has ever been threatened with prosecution for violation of any of the other statutes or ordinances which he challenges. Indeed there is no allegation tending to establish that if plaintiff were to repeat his behavior at Illinois Beach State Park he would necessarily face the threat of prosecution and arrest. These facts contrast sharply with those of *Steffel v. Thompson* (1974), 415 U.S. 452, 39 L. Ed. 2d 505, 94 S. Ct. 1209, which plaintiff has cited in support of this action. In *Steffel* the court found that Federal declaratory judgment relief was proper in a case where there was a threat of enforcement of a State

criminal statute. The petitioner in *Steffel* had been distributing antiwar handbills on the exterior sidewalk of a shopping center but left when the police were summoned and threatened him with arrest for criminal trespass under a Georgia statute. Two days later petitioner and a companion again distributed the handbills at that location. The police were summoned and petitioner left to avoid arrest, but his companion was arrested and charged with criminal trespass. The parties in the cause stipulated that if petitioner repeated his activities a warrant would be sworn out and he might be arrested and charged with violation of that statute. Under these circumstances the Supreme Court found that there was an actual controversy and that the dispute was not imaginary or speculative. As Justice Stewart noted in his concurring opinion:

> "The petitioner in this case has succeeded in objectively showing that the threat of imminent arrest, corroborated by the actual arrest of his companion, has created an actual concrete controversy between himself and the agents of the State. He has, therefore, demonstrated 'a genuine threat of enforcement of a disputed state criminal statute * * *.' Cases where such a 'genuine threat' can be demonstrated will, I think, be exceedingly rare." (415 U.S. 452, 476, 39 L. Ed. 2d 505, 524-25, 94 S. Ct. 1209, 1224.)

Plaintiff in this cause has not alleged facts which would establish such a clear controversy with an immediate threat of injury. His cause depends on speculative events in the future. He appears to have sought out all statutes which might possibly in the future be used to control his intended activity without relation to any reasonably based indication that they would be so used. (See *Boyle v. Landry* (1971), 401 U.S. 77, 27 L. Ed. 2d 696, 91 S. Ct. 758.) We find that the trial court did not abuse its discretion in dismissing plaintiff's cause of action.

The judgment of the trial court is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.