STEVEN STONE, Plaintiff-Appellant, v. OMNICOM CABLE TELEVISION OF ILLINOIS, INC., *et al.*, Defendants-Appellees.

Second District   No. 84—102

Opinion filed February 21, 1985.

Larry D. Drury, of Chicago, and Berle L. Schwartz and Andi C. Goldfine, both of Highland Park, for appellant.

Arnold Kanter and Susan B. Padove, both of Freeman, Atkins & Coleman, of Chicago, and Erwin W. Jentsch, of Bradtke & Zimmerman, of Mt. Prospect, for appellees.

JUSTICE HOPF delivered the opinion of the court:

The plaintiff, Steven Stone, brings this interlocutory appeal (87 Ill. 2d R. 304(a)) from an order of the trial court that dismissed with prejudice count IV of his fourth amended complaint. The plaintiff's sole contention in this court is that the trial court abused its discretion when it determined that the allegations of count IV, which sought a declaratory judgment, did not present an "actual controversy" and dismissed the count with prejudice.

The facts surrounding this action, as alleged in plaintiff's complaint and as gleaned from the record, are as follows. The plaintiff is a resident of and homeowner in Highland Park. Omnicom Cable Television of Illinois (Omnicom) is a cable television company that has a franchise agreement with the city of Highland Park (city). On February 4, 1982, the plaintiff received a letter from Omnicom stating that Omnicom was going to enter upon the plaintiff's property, pursuant to the franchise agreement, and install a television cable upon or under the land and attach it to or run it parallel to existing public utility easements. During the week of February 21, 1982, Omnicom entered

the plaintiff's property, dug a hole in his land, and permanently installed a television cable under his property or made the cable ready. On or about the last week in May 1982, and the first week of June 1982, the plaintiff lost all his electric power, which loss plaintiff attributes to the installation of the cable apparatus.

On December 1, 1983, the plaintiff filed a petition, on behalf of himself and all other persons similarly situated, seeking declaratory judgment and injunctive relief against the defendants. The petition essentially alleged a continuing trespass by Omnicom on the property of plaintiff and the other members of the purported class. Additionally, the petition sought a construction of three amendments to State statutes purporting to give certain community antenna television companies the right to enter upon public and private properties for the purpose of constructing a cable television system within a designated franchise area. (See Ill. Rev. Stat. 1983, ch. 24, par. 11—42—11, as amended by Pub. Act 83—635, effective January 1, 1984; Ill. Rev. Stat. 1983, ch. 24, par. 11—42—11.1, added by Pub. Act 83—634, effective January 1, 1984; Ill. Rev. Stat. 1983, ch. 34, par. 429.24, as amended by Pub. Act 83—636, effective January 1, 1984; Ill. Rev. Stat. 1983, ch. 34, par. 429.24.1, as amended by Pub. Act 83—634, effective January 1, 1984 (hereinafter referred to as Public Acts 83—634, 83—635 and 83—636).) Both the city and Omnicom filed motions to strike and dismiss the plaintiff's petition. In its motion to strike and dismiss, the city admitted that it granted Omnicom a franchise license in May 1981 that was conditioned upon the terms of a franchise agreement with Omnicom. However, the city alleged that the granting of the franchise license was accomplished pursuant to a city ordinance under the city's home rule power, and not pursuant to the public acts in question. Omnicom's motion also essentially alleged this same fact, stating that plaintiff failed to show that Omnicom and the city had claimed or threatened to claim any rights pursuant to these public acts. Accordingly, the motions sought to have plaintiff's petition dismissed on the grounds that no cause of action was stated and that no "actual controversy" was presented which would permit review of the current declaratory judgment matter.

On January 3, 1984, the plaintiff filed a fourth amended complaint against the defendants in the form of a class action suit. Count IV of that complaint essentially realleged plaintiff's petition for declaratory judgment and injunctive relief, and stated that the city licensed and franchised Omnicom as a "community antenna television system" pursuant to each of the public acts in question. In addition, the complaint challenged Public Acts 83—634, 83—635, and 83—636 as constituting

"special legislation" and as being violative of the equal protection, due process and eminent domain clauses of the Federal and State constitutions. The remaining counts of the complaint essentially sought a permanent injunction against the actions of Omnicom and removal of all cables and apparatus from the property of the plaintiff and the rest of the class. In addition, the complaint challenged the city ordinance under which the franchise was granted, and sought compensatory and punitive damages for the defendants' continuing trespass upon their land. Finally, the complaint alleged that an actual controversy existed between the parties, and sought a declaration of rights on the issues of trespass, encroachment, "taking" of property without just compensation, and the causes of action alleged in the complaint.

After hearing the arguments of counsel, the trial court determined that, with respect to the allegations of count IV of the plaintiff's fourth amended complaint, no "actual controversy" existed between the parties. Accordingly, the trial court struck the count and dismissed it with prejudice. After the court made the requisite written finding that Supreme Court Rule 304(a) mandates (87 Ill. 2d R. 304(a)), the plaintiff brought this interlocutory appeal in timely fashion.

■ The plaintiff argues that the factual allegations of count IV of his fourth amended complaint sufficiently established that an "actual controversy" exists in this case; therefore, he concludes that the trial court abused its discretion in striking and dismissing the count with prejudice for failure to satisfy the actual controversy requirement of the declaratory-judgment statute. (Ill. Rev. Stat. 1983, ch. 110, par. 2—701.) The defendants respond that no actual controversy exists in this case because (1) the statutory legislation that the plaintiff challenges as unconstitutional was not enacted until after the defendants committed the acts of which the plaintiff complains; (2) the defendants have not relied upon the statutes in question as a basis for entering upon the plaintiff's property and have not threatened to assert in the future any right under the challenged statutes; (3) the subject statutes do not affect the rights of the parties to this proceeding; and (4) a declaration that the statutes are unconstitutional would not settle the controversy or some part of it.

Initially, we observe that because this appeal arises from the granting of the defendants' motion to strike and dismiss the plaintiff's count for declaratory judgment, the well-pleaded facts of the plaintiff's complaint are accepted as true for present purposes. See *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 601, 440 N.E.2d 998.

Section 2—701(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—701(a)), formerly section 57.1(1) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 57.1(1)), authorizes the entry of a declaratory judgment "in cases of actual controversy" where the judgment would terminate the controversy or some part of the dispute that gave rise to the proceeding. The actual controversy requirement is one of the two prerequisites for standing to bring an action for declaratory relief. (*Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 450, 389 N.E.2d 529; *Kerr Steamship Co. v. Chicago Title & Trust Co.* (1983), 120 Ill. App. 3d 998, 1003, 458 N.E.2d 1009.) In ascertaining whether an actual controversy exists, the courts must construe the statute liberally and not restrict the declaratory-judgment remedy by unduly technical interpretations. *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 452, 389 N.E.2d 529.

The requirement that an actual controversy be present does not signify that a party must have been wronged and suffered an injury. Rather, it is sufficient if the underlying facts and issues are not premature or moot, for a court is loathe to render a judgment based on mere abstract propositions of law, to render an advisory opinion, or to give legal guidance regarding future events. (*Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 450, 389 N.E.2d 529; *Pioneer Processing, Inc. v. Environmental Protection Agency* (1982), 111 Ill. App. 3d 414, 424-25, 444 N.E.2d 211, *vacated on other grounds* (1984), 102 Ill. 2d 119, 464 N.E.2d 238.) However, the condition of justiciability is satisfied where the mere existence of a claim, assertion or challenge to the plaintiff's legal interests portends the ripening seeds of litigation and casts doubt, insecurity and uncertainty upon the plaintiff's rights or status, thereby damaging the plaintiff's pecuniary or material interests. *Oak Park Trust & Savings Bank v. Town of Palatine* (1981), 100 Ill. App. 3d 674, 679, 427 N.E.2d 298.

Even in cases in which it appears that no actual controversy exists, the party initiating the action for declaratory judgment concerning the validity of a legislative enactment has the right to a determination of rights if he or she pleads both facts demonstrating a protected interest that clearly falls within the ambit of the enactment and that his or her rights will be affected adversely by its enforcement. (*Eagle Books, Inc. v. City of Rockford* (1978), 66 Ill. App. 3d 1038, 1040, 384 N.E.2d 493; *Clevenger v. City of East Moline* (1976), 44 Ill. App. 3d 168, 171, 357 N.E.2d 719.) In the absence of a justiciable controversy, a plaintiff is not entitled to declaratory relief unless he or she can demonstrate that the ordinance is invalid and that the

plaintiff will sustain or is in immediate danger of sustaining an injury as a result of the enforcement of the enactment. *Wills v. O'Grady* (1980), 86 Ill. App. 3d 775, 779, 409 N.E.2d 17.

The decision to grant or deny a request for a declaratory judgment is a question that rests within the sound discretion of the trial court, whose determination will not be disturbed in this court absent an abuse of that discretion. The dismissal of a complaint for declaratory judgment is a proper method of declining to grant the requested relief. *Mendelsohn v. CNA Insurance Co.* (1983), 115 Ill. App. 3d 964, 968, 451 N.E.2d 919; *Wills v. O'Grady* (1980), 86 Ill. App. 3d 775, 779, 409 N.E.2d 17.

In its original form, section 11—42—11 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 11—42—11), enacted in 1967, authorized the corporate authorities of each municipality to license, franchise and tax the business of operating a community antenna television system. Public Act 83—635, effective January 1, 1984, amended section 11—42—11 and authorized such corporate authorities to exercise their rights of eminent domain for the purpose of granting an easement to the franchise so that a cable television system might be established. The amendment also authorized the corporate authorities to grant the franchisee access to all public property in which the municipality may have an interest. The plaintiff here sought a declaration in the trial court that this section, as amended, was unconstitutional.

In Public Act 83—634, the General Assembly enacted section 11—42—11.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 11—42—11.1, added by Pub. Act 83—634, effective January 1, 1984), relating to community antenna television systems. Paragraph (b) of that section, which is only a portion of the entire statutory enactment which plaintiff sought to have declared unconstitutional in the trial court, provides in relevant part:

"In any instance in which a municipality has granted a franchise to any community antenna television company to construct, operate or maintain a cable television system within a designated franchise area, no property owner *** shall forbid or prevent such cable television franchisee from entering upon such real estate for the purpose of and in connection with the construction or installation of such·cable television system and cable television facilities, nor shall any such property owner *** forbid or prevent such cable television franchisee from constructing or installing upon, beneath or over such real estate, including any buildings or other structures located thereon,

hardware, cable, equipment, materials or other cable television facilities utilized by such cable franchisee in the construction and installation of such cable television system ***."

Public Act 83—634 also added section 25.40.1 to "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1983, ch. 34, par. 429.24.1, added by Pub. Act 83—634, effective January 1, 1984), relating to franchises obtained from county authorities rather than municipalities.

Finally, Public Act 83—636 amended section 25.40 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1983, ch. 34, par. 429.24). That section granted authority to the county board to license, tax or franchise the business of operating a community antenna television system within the county and outside a municipality, as defined in section 1—1—2 of the Illinois Municipal Code of 1961 (Ill. Rev. Stat. 1983, ch. 24, par. 1—1—2). Public Act 83—636 amended section 25.40 so as to give authority to the county board to exercise its right of eminent domain for the purpose of granting an easement to the franchisee. The amendment further gave the county board authority to grant the franchisee access to any public properties in which the county has an interest. Ill. Rev. Stat. 1983, ch. 34, par. 429.24, as amended by Pub. Act 83—636, effective January 1, 1984.

Before turning to the substance of the plaintiff's appellate contention, we first address some preliminary matters. At the outset, we note that the only factual allegation in count IV of the plaintiff's fourth amended complaint as it relates to the franchise license the city granted to Omnicom reflects that the city extended the license to Omnicom in 1981 pursuant to a municipal ordinance, which franchise license was presented to the trial court. By contrast, the plaintiff's allegation that the city licensed and franchised Omnicom under the authority of the statutes in question is merely a conclusional allegation without any supporting factual predicate. We also agree with the defendants that the plaintiff has not alleged in count IV that the defendants at any time relied upon or threatened to rely upon the authority of the foregoing statutes. In fact, the plaintiff apparently concedes that neither defendant exercised or attempted to exercise the rights the statutes in question granted them.

■ With respect to plaintiff's challenge to Public Act 83—636, and that portion of Public Act 83—634 pertaining to counties, we conclude that the trial court properly dismissed this part of count IV. The Lake County board is not a party to the cause of action, nor could it be, since it only has authority to grant a cable television franchise outside the boundaries of the various municipalities. Accordingly,

plaintiff, as a resident of Highland Park, could not be affected by any actions taken by the Lake County board pursuant to these Acts.

■■ Regarding section 11—42—11.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 11—42—11.1, added by Pub. Act 83— 634), the defendants argue that the acts of which the plaintiff complains occurred in 1982, well before the enactment of section 11—42— 11.1. They state that because the statute does not contain express language making it retroactive, Omnicom cannot assert, with respect to the prior acts, the rights the statute accords it. Consequently, they conclude that there is no justiciable issue concerning the application of section 11—42—11.1 in this case. Based upon the factual allegations of count IV of the plaintiff's fourth amended complaint and the plain language and reasonable intendment of section 11—42—11.1, we disagree with the defendants' position. First, the plaintiff has alleged a continuing trespass. Second, the statute in question governs not only the construction or installation of a cable television system but also its operation and maintenance. We believe it would be illogical for the legislature to have intended that landowners would be prohibited from interfering with cable systems installed after January 1, 1984, while at the same time not preventing such interference with respect to the maintenance of a cable system that had been installed prior to the enactment of the statute.

Similarly, we believe that an actual controversy exists with respect to Public Act 83—635, relating to a municipal corporation's authority to grant access to public properties and to exercise its right of eminent domain. If the trial court in this case were to determine that the city's ordinance was invalid, the defendants could, and probably would, rely upon the statute to support or justify the continued presence of the cable equipment on the plaintiff's property. The single fact that defendants' assertion of or reliance upon the statute would or might occur in the future is not sufficient, in our opinion, to preclude a finding of an actual controversy here. (*Cf. Hoagland v. Bibb* (1957), 12 Ill. App. 2d 298, 303, 139 N.E.2d 417 (a declaratory judgment action may lie to determine rights under a statute even though the act is not yet in effect).) We believe the mere existence of the statute challenges the plaintiff's protected legal interests as a landowner and, under the facts of this case, portends the ripening seeds of litigation and casts doubt and uncertainty upon the plaintiff's rights.

A recent New York case has discussed the question of justiciability in a factual setting quite similar to that now before this court. (See *Loretto v. Teleprompter Manhattan CATV Corp.* (1981), 53 N.Y.2d 124, 440 N.Y.S.2d 843, 423 N.E.2d 320, *rev'd on other*

*grounds* (1982), 458 U.S. 419, 73 L. Ed. 2d 868, 102 S. Ct. 3164.) In *Loretto*, the plaintiff purchased certain property upon which a cable company had already installed cable equipment pursuant to an agreement with the prior landowner. After the plaintiff purchased the property, she sought an injunction against the continuance of the cable system, a declaration that the statute in question there was unconstitutional, and damages for trespass. The statutory enactment implicated in *Loretto* is very similar to sections 11—42—11 and 11—42—11.1 of the Illinois Municipal Code. In her action, she alleged that the cable television company acted under the purported authority of the statute when it entered her property to extend a cable line to a tenant.

In determining that there was a justiciable controversy which the plaintiff had standing to maintain, the court stressed that if the statute were applicable and valid, then it would prevent her from interfering with the cable facilities that were on her premises from and after the effective date of the statute. The court emphasized, in addition, that even though the plaintiff was not bound by the prior agreement between the cable company and the plaintiff's predecessor in title, she could not recover in trespass if the cable television company obtained a similar license through enactment of the statute. *Loretto v. Teleprompter Manhattan CATV Corp.* (1981), 53 N.Y.2d 124, 135-36, 440 N.Y.S.2d 843, 847-48, 423 N.E.2d 320, 324-25.

Although the plaintiff in the present case, unlike the plaintiff in *Loretto*, has not made factual allegations that Omnicom has relied upon or threatened to rely upon sections 11—42—11 and 11—42—11.1 to justify its continued presence on his land, we do not believe that this factual distinction alone is of sufficient magnitude to preclude this court from concluding that an actual controversy exists here under *Loretto*. It would appear, also, that an adjudication of the parties' rights under the statute is particularly appropriate in this case in order to preclude additional future legal action that would result in piecemeal litigation.

In determining that no actual controversy existed in this case with respect to the factual allegations of count IV of the fourth amended complaint, the trial court relied upon *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 362 N.E.2d 298, and *Berg v. City of Chicago* (1968), 97 Ill. App. 2d 410, 240 N.E.2d 344. We believe those cases are distinguishable factually from the present one and, accordingly, we conclude that the trial court

abused its discretion when it determined that, as to Public Acts 83—634 and 83—635, no actual controversy existed here.

For the foregoing reasons, the order of the circuit court of Lake County is affirmed insofar as it dismissed with prejudice that portion of count IV challenging Public Act 83—636 and the portion of Public Act 83—634 dealing with counties. The remainder of the circuit court's order is reversed, and the cause is remanded for further proceedings.

Affirmed in part, reversed in part, and remanded.

NASH, P.J., and REINHARD, J., concur.