CITY OF CHICAGO, Plaintiff-Appellant, v. THE DEPARTMENT OF HUMAN RIGHTS *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 85—877

Opinion filed February 18, 1986.

166

James D. Montgomery, Corporation Counsel, of Chicago (Mary K. Rochford and Joseph Moore, Assistant Corporation Counsel, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Imelda R. Terrazino, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

In count I of a two-count complaint, plaintiffs sought a declaration of their rights under certain amendments to sections 1—103 and 2—101 of the Illinois Human Rights Act (Ill. Rev. Stat., 1984 Supp., ch. 68, pars. 1—103, 2—101). Count II of the complaint requested that the defendants be preliminarily and permanently enjoined from enforcing an order of the Illinois Human Rights Commission (Commission) directing plaintiff to cease and desist from granting its employees time off with pay for the observance of religious holidays, and requested the court to grant a temporary restraining order pending a hearing on the issuance of a preliminary injunction. The court granted the temporary restraining order but later granted defendants' section 2—615 motion to dismiss the complaint (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). The court denied plaintiff's motion for continuation of the temporary restraining order pending appeal. Plaintiff appeals from the trial court's order.

The facts are not in dispute. Before the instant complaint was filed, defendant Commission on April 22, 1983, had ordered plaintiff to cease and desist from its practice of granting city employees of various religious faiths a day or days off with pay for the observance of religious holidays. (*In re Walczak* (1983), 9 Ill. HRC Rep. 51.) The Commission held that the practice of allowing employees of certain religious faiths time off from work with pay, while not allowing police officers of the Catholic faith the same benefits and privileges, constituted religious discrimination in violation of the Fair Employment Practices Act, now entitled the Illinois Human Rights Act (the Act) (Ill. Rev. Stat. 1983, ch. 68, par. 1—101 *et seq.*). The *Walczak* decision was affirmed by the circuit court of Cook County on November 2, 1983. No further appeal was taken on the matter.

On September 12, 1984, Illinois Governor James Thompson signed into law House Bill 2307, which amended the statutory definition of religion in the Act. (Ill. Rev. Stat., 1984 Supp., ch. 68, pars. 1—103, 2—101.) The sponsor of House Bill 2307, State Representative Ellis Levin, asserted in the House debate on the bill that the legislation

was in response to the *Walczak* decision and was intended to clarify that it is proper under Illinois law for an employer to voluntarily accommodate the religious beliefs of an employee. The amendment adopts language in title VII of the United States Civil Rights Act of 1964, which requires employers to reasonably accommodate the religious practices of employees unless to do so would cause undue hardship to the employer. Section 2—101 of the Act now provides:

" 'Religion' with respect to employers includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." Ill. Rev. Stat., 1984 Supp., ch. 68, par. 2—101(F).

On October 5, 1984, the plaintiff filed a complaint for declaratory and injunctive relief against the defendants, the Illinois Department of Human Rights (Department) and the Commission. In its complaint, plaintiff alleged the foregoing facts, attaching as exhibits the *Walczak* decision and the legislative history of the pertinent amendments to the Act. It alleged that it asked the Department about the effect of the statutory amendment on the cease and desist order and was informed by the Department that the order remained valid. The plaintiff also alleged it was informed by State Representative Levin that the intent of the amendment was to allow plaintiff to give time off with pay to observe religious holidays, and that further conversation with defendants had not resolved the issue. Plaintiff alleged that traditionally it "has granted the Jewish holiday of Yom Kippur off, with pay, to employees of the Jewish faith, and is currently desirous of continuing this practice for this and other religious holidays." The complaint stated that there was an actual justiciable controversy between the parties regarding the legality of the plaintiff's policy.

The plaintiff requested the court to declare that sections 1—103 and 2—101 of the Act allow plaintiff to grant its employees time off with pay for the observance of religious holidays and that the cease and desist order is without force and effect. Plaintiff also requested that defendants be preliminarily and permanently enjoined from enforcing the cease and desist order. It requested the court to grant a temporary restraining order to that effect pending a hearing on the merits of the case. On October 5, 1984, the court granted the plaintiff's motion for a temporary restraining order.

On January 23, 1985, the defendants filed a motion to dismiss the complaint, alleging that there was no actual controversy and that the

plaintiff was not an interested party in the lawsuit because no allegation had been brought before the Commission by an aggrieved party. Plaintiff responded and on February 26, 1985, the circuit court entered an order, without comment, dismissing the complaint, and denied plaintiff's oral motion for a continuation of the temporary restraining order pending appeal.

The issue presented on review is the propriety of a remedy for declaratory judgment and consequential injunctive relief under the facts disclosed in the complaint. For purposes of review, a motion to dismiss admits all well-pleaded facts and reasonable inferences that can be drawn therefrom. (*Mack v. Plaza DeWitt Limited Partnership* (1985), 137 Ill. App. 3d 343, 349, 484 N.E.2d 900; *American International Hospital v. Chicago Tribune Co.* (1985), 136 Ill. App. 3d 1019, 1022, 483 N.E.2d 965.) All allegations in a complaint should be interpreted in the light most favorable to the plaintiff. (*Kerr Steamship Co. v. Chicago Title & Trust Co.* (1983), 120 Ill. App. 3d 998, 1004, 458 N.E.2d 1009.) When confronted by a motion to dismiss, unless it clearly appears the plaintiff is entitled to no relief under the provable facts, the complaint must be sustained. *Iverson v. Scholl, Inc.* (1985), 136 Ill. App. 3d 962, 965, 483 N.E.2d 893.

■ Section 2—701 of the Illinois Code of Civil Procedure provides in relevant part that a trial court "may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute *** or other governmental regulation *** and a declaration of the rights of the parties interested." (Ill. Rev. Stat. 1983, ch. 110, par. 2—701(a).) Thus, a complaint for declaratory judgment which recites in sufficient detail an actual and legal controversy between the parties and prays for a declaration of rights, and which demonstrates that the plaintiff is interested in the controversy, states facts sufficient to state a cause of action. *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375-76, 362 N.E.2d 298; *Kerr Steamship Co. v. Chicago Title & Trust Co.* (1983), 120 Ill. App. 3d 998, 1003, 458 N.E.2d 1009.

■ An "actual controversy" exists if there is a legitimate dispute admitting of an immediate and definite determination of the parties' rights, the resolution of which would help terminate all or part of the dispute. (*Kerr Steamship Co. v. Chicago Title & Trust Co.* (1983), 120 Ill. App. 3d 998, 1003, 458 N.E.2d 1009.) The requirement that an actual controversy be present does not mean that a party must have

been wronged and suffered an injury (*Stone v. Omnicom Cable Television* (1985), 131 Ill. App. 3d 210, 214, 475 N.E.2d 223), nor that a party must allege the existence of the possibility of imminent harm. (*DeWitt County Public Building Com. v. County of DeWitt* (1984), 128 Ill. App. 3d 11, 16, 469 N.E.2d 689.) Rather, an actual controversy may be found "where the mere existence of a claim, assertion or challenge to the plaintiff's legal interests portends the ripening seeds of litigation." (*Stone v. Omnicom Cable Television* (1985), 131 Ill. App. 3d 210, 214, 475 N.E.2d 223.) An "interest in the controversy" means that the plaintiff must have a personal claim or right which is capable of being affected. *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375-76, 362 N.E.2d 298.

The remedy of declaratory judgment in Illinois is designed to settle and fix rights before there has been an irrevocable change of position of the parties in disregard of their respective claims of right. (*Nandorf, Inc. v. CNA Insurance Cos.* (1985), 134 Ill. App. 3d 134, 140, 479 N.E.2d 988.) The procedure is used to afford security and relief against uncertainty with a view to avoiding litigation, rather than in aid of it. (*La Salle Casualty Co. v. Lobono* (1968), 93 Ill. App. 2d 114, 117, 236 N.E.2d 405.) In order to carry out the purpose for which this remedy was designed, the courts have given a liberal interpretation of the declaratory judgment act. *Illinois Gamefowl Breeders v. Block* (1979), 75 Ill. 2d 443, 450, 389 N.E.2d 529.

■ In the instant case, the complaint set forth an actual controversy which stems from the parties' differing interpretations of the effect of the statutory amendments on the existing *Walczak* cease and desist order. Plaintiff's complaint asserts that it traditionally granted its employees time off with pay for observance of religious holidays until the Commission issued a decision which ordered plaintiff to cease and desist from this practice. The complaint states that the subsequent amendments to the Act rendered that decision and order contrary to law. Plaintiff supports this statement by setting forth the legislative history of the amendments, wherein the bill's sponsor states:

> "The intent of this legislation is to deal with the purely voluntary type of situations. *** The situation that existed in Chicago was a situation where the City attempted to voluntarily accommodate religious employees *** and the State Human Rights Act was interpreted to prohibit that voluntary act on the part of the employer. *** [T]his provides flexibility for accommodating employees' religious beliefs so that you cannot use the State Human Rights Act to say that you cannot accommodate a person's religious beliefs." House Debates, H.B. 2307,

May 16, 1984, at 89-91.

The complaint further alleges that the defendant Department informed plaintiff both that the amendment did not allow plaintiff to give employees off, with pay, to observe religious holidays, and that the amendment did not affect the cease and desist order. Clearly, there exists between parties with adverse interests a legitimate dispute over the effect of the new statutory provisions on the cease and desist order now in force. Judicial construction of the amendments with regard to the *In re Walczak* (1983), 9 Ill. HRC Rep. 51, decision and order will determine the legality of the religious accommodation policy plaintiff wishes to reinstate and, necessarily, the viability of the cease and desist order itself. This determination will help terminate the dispute. Consequently, the complaint adequately sets forth the existence of an actual controversy.

Defendants contend that the complaint does not set forth a controversy ripe for adjudication because the existing cease and desist order only prohibits plaintiff from granting religious holidays off with pay to just certain groups of employees while not providing the same benefits to other employees. Defendants argue that there may never be a disagreement regarding the granting of religious holidays as long as plaintiff accommodates the religious beliefs of all of its employees, as opposed to those of only a single group.

Plaintiff, however, asserts that since it has never claimed a right to limit its accommodation policy to certain faiths, under defendants' construction of the order, plaintiff would not have had to abandon the practice here in issue. Rather, plaintiff alleges that the complainant in *Walczak* challenged the policy only because he did not receive the same days off with pay as Jewish and Greek Orthodox employees received, and not because he had been refused a paid day off to observe a holiday of his own belief. Under those facts, the cease and desist order prohibits plaintiff from granting any religious holiday off with pay unless every employee is given that same day off with pay. Interpreted in the light most favorable to plaintiff, the allegation in the complaint that plaintiff wished to continue the practice of granting off with pay Yom Kippur "and other religious holidays" supports plaintiff's understanding of the cease and desist order. Further support is found in the statements of the legislative amendments' sponsor that the purpose of the new legislation, in permitting employers to voluntarily implement religious accommodation practices, affected the *Walczak* cease and desist order by clarifying that "it is proper under the state law for an employer to accommodate the religious beliefs of *an employee*." (Emphasis added.) (House Debates, H.B. 2307, May 16,

1984, at 89.) Consequently, the adversarial position of the parties is not premature.

■■ Further, the controversy is justiciable even though defendant Department enforces Commission orders at the request of the Commission and even though the Commission has not actually threatened to enforce its order. The complaint alleges that the Department has informed plaintiff that the cease and desist order remains valid despite the enactment of the amendments to the Act. The plaintiff cannot petition to modify the cease and desist order because there has been a final order of a circuit court in a proceeding for judicial review. (Ill. Rev. Stat. 1983, ch. 68, par. 8—107(G).) The Department has the authority to recommend legal action to the Commission. (Ill. Rev. Stat. 1983, ch. 68, par. 8—111(B).) Under these facts, the mere existence of the order challenges plaintiff's interests. Certainly, in Illinois, a stated intention or threat to prosecute is not a requirement for declaratory judgment. (*Pioneer Processing, Inc. v. Environmental Protection Agency* (1983), 111 Ill. App. 3d 414, 444 N.E.2d 211, *vacated on other grounds* (1984), 102 Ill. 2d 119.) In *Pioneer,* the court found that an actual controversy existed despite the fact that the Illinois Environmental Protection Agency would not give an opinion whether a section of the Environmental Protection Act prohibited development of a hazardous waste disposal site for which the Agency had already issued a development permit. The Agency had told plaintiffs that proceeding with construction would be at plaintiffs' own risk.

Likewise in the instant case, the Department's assertion that the amendments to the Act did not affect the cease and desist order, coupled with its authority to recommend to the Commission legal action against plaintiff, in effect communicated to plaintiff that it proceeded at its own risk if it re-established its religious accommodation policy. A plaintiff is not required to " 'provoke a disciplinary proceeding against himself so as to provide a forum to challenge the *** order.' " (*Kaske v. City of Rockford* (1983), 96 Ill. 2d 298, 306, 450 N.E.2d 314, quoting *Buege v. Lee* (1978), 56 Ill. App. 3d 793, 372 N.E.2d 427.) The declaratory judgment statute envisions a court adjudicating a controversy after a dispute has arisen but before action is taken which give rise to claims for damages or other relief. (*Kaske v. City of Rockford* (1983), 96 Ill. 2d 298, 306, 450 N.E.2d 314.) Such is the posture of the case at bar, and the complaint sufficiently alleged an actual controversy.

■■■ Plaintiff also has alleged sufficient interest in the controversy. A party has standing to obtain a declaration construing a stat-

ute if that party is affected by the legislation. (See *Phillips v. Village of Libertyville* (1970), 120 Ill. App. 2d 172, 181-82, 256 N.E.2d 351.) Under the new amendments to the Act, employers have a duty to reasonably accommodate, short of undue hardship, the religious observances, practices, and beliefs of their employees. (Ill. Rev. Stat., 1984 Supp., ch. 68, pars. 1—103, 2—101.) Therefore, plaintiff is affected by the legislation.

Moreover, the *Walczak* cease and desist order now prohibits plaintiff from reinstating its policy of granting its employees time off with pay for the observance of religious holidays. Plaintiff risks prosecution if it complies with its obligation under the amendments and thereby violates the order. (See Ill. Rev. Stat. 1983, ch. 68, par. 8—111(B).) A party who may become subject to prosecution has an interest sufficient to entitle it to declaratory relief. (See *Sanitary District v. Pollution Control Board* (1978), 66 Ill. App. 3d 251, 256, 383 N.E.2d 996; *Northwestern University v. State of Illinois* (1977), 56 Ill. App. 3d 305, 308, 371 N.E.2d 1046.) Clearly, plaintiff's right to re-establish its former policy is contingent on an interpretation of the effect of the new legislation on the existing cease and desist order. Despite defendants' contentions to the contrary, plaintiff has standing to seek a declaration of rights and its complaint is sufficient to state a cause of action as against a motion to dismiss.

In this case, the well-pleaded facts in plaintiff's complaint, and the inferences therefrom favorable to plaintiffs, taken as true, adequately set forth a cause of action for declaratory and consequential relief. The allegations in the complaint disclose that an actual controversy is present in which plaintiff has an interest which is capable of being affected. The complaint therefore should not have been dismissed. The judgment of the circuit court is reversed and remanded with directions to proceed in a manner consistent with this opinion.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.