RALPH J. MENDELSOHN, Plaintiff-Appellant, *v.* CNA INSURANCE COMPANY, Defendant-Appellee.

Fifth District   No. 82—669

Opinion filed June 10, 1983.

Groshong & Moorman, of East Alton, for appellant.

Wagner, Bertrand, Bauman & Schmieder, of Belleville (Bernard H. Bertrand, of counsel), for appellee.

JUSTICE JONES delivered the opinion of the court:

The issue raised on appeal calls for a determination of whether an attorney's conduct of a lawsuit *pro se* amounts to the practice of law for purposes of an insurer's liability under a policy issued for protection against the attorney's "professional, office premises and personal injury liability."

The plaintiff, Ralph J. Mendelsohn, brought an action for declaratory judgment against the defendant, CNA Insurance Company, Inc., seeking a determination of his rights as an insured under a policy issued by the defendant and described above. The insured, an attorney, sought declaratory judgment that coverage was available to him and that the insurer had a duty to defend him in an action brought against him by his former wife, Dona Mendelsohn. The trial court granted the defendant insurer's motion to dismiss the complaint for

declaratory judgment and subsequently denied the plaintiff's motion to reconsider the ruling. We dismissed an earlier appeal from a non-final order dismissing the complaint. Following dismissal of the appeal the trial court found that the insured had elected to stand on his complaint and ordered the complaint dismissed with prejudice pursuant to the defendant's motion for dismissal. Plaintiff appealed stating the single issue as "[w]hether the trial court erred in allowing the Defendant's Motion to Dismiss the Complaint for Declaratory Judgment."

The suit brought by plaintiff against his insurer arose out of a suit brought in 1980 by Dona Mendelsohn against Ralph Mendelsohn and three other attorneys. The suit brought by Dona Mendelsohn had, in turn, arisen out of a suit for divorce brought in 1977 by Ralph Mendelsohn against Dona Mendelsohn. The attorneys named as defendants in the suit brought by Dona Mendelsohn include, in addition to Ralph Mendelsohn, David Grounds, who represented Dona Mendelsohn in the suit brought against her for divorce, L. Thomas Lakin, who appears to be an associate of David Grounds, and Luther Simmons, who is described in Dona Mendelsohn's complaint as "the attorney representing Ralph J. Mendelsohn" in the suit against her for divorce. In the suit brought by her against Ralph Mendelsohn she alleges that he "knew that the plaintiff was suffering from mental and physical exhaustion and was of a peculiar or special sensitivity toward mental anguish and emotional distress" and that he knew or should have known that his conduct would cause her great mental anguish and emotional distress but, disregarding such knowledge, he "intentionally or in conscious disregard" of that risk committed certain acts and omissions with reference to the suit for divorce.

In the complaint for declaratory judgment Mendelsohn, the insured, made no allegations as to whether he was represented by counsel in the suit for divorce or whether he conducted part or all of that suit himself. In its motion to dismiss the complaint, the insurer attached and made a part of its motion copies of the complaint and certain petitions, motions and orders that had been filed in the suit for divorce in order to show that Luther Simmons represented Ralph Mendelsohn in that suit. These items expressly refer to Luther Simmons as Ralph Mendelsohn's attorney, and the complaint, like the petitions and motions, bears Simmons' signature as Ralph Mendelsohn's attorney. The court in its order granting the insurer's motion to dismiss the complaint stated that the insured "was represented by counsel," namely, Luther Simmons, in the suit for divorce. However, attached to and made a part of the insured's motion to reconsider the order of dismissal of the complaint for declaratory judgment is the af-

fidavit of Diana Stolze, Luther Simmons' legal secretary. Of the items attached to the insurer's motion to dismiss she states that they were not prepared by Luther Simmons but were prepared by Ralph Mendelsohn. In his brief appellant placed considerable importance upon the fact that in a letter to the insured an attorney of the insurer stated, "The suit filed by Dona Mendelsohn, in Madison County, Il. Circuit Court, charges you with negligence arising from a case in which you were plaintiff in the Petition for divorce and represented your own interests." In view of the disposition we make and the result we reach in this case, the factual dispute as to whether Ralph Mendelsohn was represented by counsel in the suit for divorce is of no moment.

The insurance policy issued by the defendant provides in part:

"1. COVERAGE

Coverage A—Professional Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages *arising from the performance of professional services for others in the insured's capacity as a lawyer* because of an error, negligent omission or negligent act of the insured or of any other person or organization for whose error, negligent omission or negligent act the insured is legally responsible.

Coverage B—Office Premises and Personal Injury

Liability To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages:

(a) because of bodily injury or property damage caused by an occurrence arising out of the ownership, maintenance or use of

(1) the insured premises as a lawyer's office, including operations necessary or incidental thereto, and

(2) an employee owned automobile, or

(b) because of *personal injury caused by an occurrence and arising out of the professional and business activities of the insured.*" (Emphasis added.)

In the complaint for declaratory judgment the insured alleges that the lawsuit brought by Dona Mendelsohn against him "arises out of an alleged personal injury caused by an occurrence and arising out of a professional and business activity of the insured, namely the Plaintiff, Ralph J. Mendelsohn." Exhibit B of the complaint for declaratory judgment consists of four pages of the policy in question, and although "[o]ccurrence" is defined on one of the four pages, part of the definition is obliterated in the copy of that page included in the record

on appeal. Because of the partial obliteration we have not considered either the definition itself or the arguments advanced by the parties with reference to it.

■ Appellant does not suggest that his situation falls within the ambit of Coverages A or B(a), and, indeed, it does not do so. Therefore, appellant can prevail in the action for declaratory judgment only if his situation falls within the ambit of Coverage B(b). Appellant states in his brief that "[i]t is obvious by the pleadings" in the case brought by Dona Mendelsohn that Ralph Mendelsohn "was being sued as an attorney." "[B]eing sued as an attorney," however, is not the test for imposition of liability upon the instant insurer. Appellant is silent on the implicit issue of whether an attorney's conduct of all or part of a lawsuit in which he is plaintiff may be deemed to be among his "professional and business activities." We agree with the insurer that it may not, assuming the phrase "professional and business activities" refers to the practice of law.

That the practice of law involves service to another seems axiomatic. Although not addressing that precise question, EC 3—5 of the Code of Professional Responsibility (Code of Professional Responsibility—Annotated (Illinois) (Ill. Inst. Cont. Leg. Educ. 1978)) suggests that the practice of law implies the provision of services to another:

> "It is neither necessary nor desirable to attempt the formulation of a single, specific definition of what constitutes the practice of law. *Functionally, the practice of law relates to the rendition of services for others* that call for the professional judgment of a lawyer. \*\*\*." (Emphasis added.)

Although the legal profession has been reluctant to adopt a single, specific definition of the practice of law, the Supreme Court of Illinois has described the practice of law as follows:

> "[T]he practice of law involves not only appearance in court in connection with litigation but also services rendered out of court. In litigated matters it involves not only the *actual representation of the client* in court but also *services rendered in advising a client* as to his cause of action or defense. The practice of law also includes the *giving of advice or rendering services* requiring the use of legal skill or knowledge. The commissioner in his report has submitted a definition for 'practicing law,' as follows: 'Practicing as an attorney or counselor at law, according to the laws and customs of our courts, is the *giving of advice or rendition of any sort of service* by any person, firm or corporation when the *giving of such advice or rendition of such service* requires the use of any degree of legal knowledge or

skill.' In our opinion this definition is substantially correct." (Emphasis added.) (*People v. Peoples Stock Yards State Bank* (1931), 344 Ill. 462, 475, 176 N.E. 901, 907. Accord, *In re Bodkin* (1961), 21 Ill. 2d 458, 173 N.E.2d 440; *People ex rel. Illinois State Bar Association v. Schafer* (1949), 404 Ill. 45, 87 N.E.2d 773; *People ex rel. Chicago Bar Association v. Tinkoff* (1948), 399 Ill. 282, 77 N.E.2d 693, *cert. denied* (1948), 334 U.S. 833, 92 L. Ed. 1760, 68 S. Ct. 1348; *Johnson v. Pistakee Highlands Community Association* (1979), 72 Ill. App. 3d 402, 390 N.E.2d 640.) Guided by these principles, we conclude that appellant's conduct of all or part of the action for divorce in his own behalf, assuming he did conduct the action in part or in full, may not be deemed to be one of his "professional and business activities."

Although an insurer's duty to defend must be determined by the allegations in the complaint in the underlying case, if the complaint does not allege facts potentially within the coverage of the policy, the insurer has no duty to defend. (*Dorre v. Country Mutual Insurance Co.* (1977), 48 Ill. App. 3d 880, 363 N.E.2d 464.) In the case at bar, because appellant's *pro se* conduct of the suit for divorce may not be said to be among his "professional and business activities," as required by Coverage B(b), the only coverage provided by the policy that might have embraced his situation, the facts alleged in the complaint necessarily fail to bring the case within the policy coverage. Hence, the defendant has no duty to defend appellant in the suit brought by Dona Mendelsohn against him.

■ The granting or denying of a request for declaratory relief is a matter for the sound discretion of the trial court; to disturb its ruling on review there must have been an abuse of its discretion. (*Wills v. O'Grady* (1980), 86 Ill. App. 3d 775, 409 N.E.2d 17.) Dismissal of the complaint is an appropriate method of declining to grant declaratory relief. (*Wills.*) The trial court did not abuse its discretion in granting the defendant's motion to dismiss the complaint for declaratory judgment, and we affirm its judgment.

Affirmed.

KARNS and KASSERMAN, JJ., concur.