STUART TOWN HOMES CORPORATION, Plaintiff-Appellant, v. EDWARD J. ROSEWELL, Cook County, *et al.*, Defendants-Appellees.

First District (1st Division) No. 87—1078

Opinion filed October 24, 1988.

Law Offices of Joseph V. Roddy, of Chicago (Joseph V. Roddy, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mark R. Davis, and Marie E. Smuda, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Stuart Town Homes Corporation, brought an action against the defendant Cook County officials for the recovery of a refund for real estate taxes paid for the years 1979 through 1983 on a certain common parcel of real estate owned by the plaintiff. Plaintiff alleged that it paid taxes twice on the same property. Defendants' motion to dismiss plaintiff's complaint for failure to state a cause of action was granted and plaintiff appeals from the dismissal order.

The plaintiff corporation is an Illinois not-for-profit corporation which was organized pursuant to a townhouse declaration. Membership in the corporation consists of the individuals owning the townhouses which are adjacent to the subject common parcel. The corporation is also the owner of the common parcel of real estate which was used for the benefit of the individual townhouse owners. The common parcel was assessed for real estate taxes for the years 1979 through 1983 and the plaintiff paid the amount of taxes due. In September 1985, plaintiff filed an action alleging that the assessment for those years for the common parcel was improper and that plaintiff was twice assessed for this property and was entitled to a refund. Plaintiff relied on section 10 of the Condominium Property Act (Act) (Ill. Rev.

Stat. 1985, ch. 30, par. 310), which provides that taxes should be assessed against each unit with the owner's corresponding percentage of ownership in the common elements and not upon the property as a whole. Plaintiff appeals from the trial court's dismissal of its complaint for failure to state a cause of action upon which relief could be granted.

Plaintiff contends on appeal that the trial court improperly dismissed its complaint since the common parcel owned by plaintiff should not have been assessed taxes and a refund should have been rendered relying on section 10 of the Condominium Property Act. (Ill. Rev. Stat. 1985, ch. 30, par. 310.) This provision provides that each condominium unit owner's assessment is to include his percentage of ownership in the common elements and that the common elements are not to be separately assessed. Plaintiff argues that the townhouse owners here were twice assessed since they paid tax on their units and also paid a proportional part of the tax on the common parcel.

In its argument before this court plaintiff contends that a townhouse is synonymous with a condominium. In Illinois, a condominium is strictly a creature of statute and should not be confused with other types of multifamily developments or homeowner associations. (*S & D Service, Inc. v. 915-925 W. Schubert Condominium Association* (1985), 132 Ill. App. 3d 1019, 478 N.E.2d 478; Ill. Ann. Stat., ch. 30, par. 301 *et seq.*, Historical and Practice Notes, Introduction, (Smith-Hurd Supp. 1987).) In order for property to be legally considered a condominium, the owner or owners in fee simple of a parcel of land must record a declaration expressly stating their intent to submit the property to the Act and record a plat of the land to be submitted. (Ill. Rev. Stat. 1985, ch. 30, pars. 303, 305, 306; *La Salle National Bank v. Triumvera Homeowners Association* (1985), 133 Ill. App. 3d 303.) If these requirements are not met, the property cannot be considered a condominium and is not subject to the provisions of the Act. Ill. Rev. Stat. 1985, ch. 30, par. 306; Ill. Ann. Stat., ch. 30, par. 301 *et seq.*, Historical and Practice Notes, Introduction, (Smith-Hurd Supp. 1987); *Triumvera*, 133 Ill. App. 3d 303.

In the case at bar, plaintiff cannot expand the scope of section 10 beyond that which was contemplated by the legislature. We believe plaintiff has erroneously equated the statutory creature of a condominium with a townhouse, which is simply a similar type of dwelling unit. Plaintiff has not cited any authority that the treatment accorded condominiums should also apply to townhouses. From our review of the record, on the basis of the asserted facts, the common parcel owned by the plaintiff cannot be considered a common element under

the Act. Furthermore, plaintiff did not present any evidence in the record nor does plaintiff allege in the complaint that the property has been submitted to the provisions of the Act by way of compliance with the requirement of recording a condominium declaration and plat. Further, the townhouse declaration executed by the members of the plaintiff corporation does not contain any expression of intent to submit the tract of land to the provisions of the Act. Rather, it explicitly states that it was to be erected as townhouses with a common parcel and consistently uses this terminology. Accordingly, having determined that the subject property is a common parcel of a townhouse development and not the common element of a condominium, we agree with the trial court's judgment that the plaintiff has failed to state a cause of action under section 10 of the Condominium Property Act. Ill. Rev. Stat. 1985, ch. 30, par. 306; *Triumvera*, 133 Ill. App. 3d 303.

 Plaintiff further argues that under section 286 of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 767), it is entitled to a refund of the taxes paid on the common parcel as its value has already been assessed in the assessment of each townhouse. Plaintiff contends that the assessor of Cook County assessed the plaintiff corporation for the common elements as well as the unit owners for the value of the common elements, and, therefore, the assessor has doubly assessed either the individual unit or the common element. Under section 286, "doubly assessed" means that

> "the assessor has fixed the value once for the purpose of taxation and has entered that value on the assessment books as the assessment against a designated tract, and that either such assessment has through error or otherwise been again entered on the assessment records, or that the assessor or other assessing body claiming jurisdiction to assess the same property for taxation has again fixed the value." (*Cooper Kanaley & Co. v. Gill* (1936), 363 Ill. 418, 422.)

We find plaintiff's argument without merit since the plaintiff has failed to allege facts in its complaint that show that the property in question has been twice assessed. Plaintiff has made no showing that the Cook County assessor has twice entered the value of the common parcel on the assessment books as a separate assessment. The record reveals that the common parcel is listed once under its own legal description and permanent index numbers and the designated tract to be assessed. Likewise, ownership of the common parcel is designated separately.

In *Cooper Kanaley & Co. v. Gill* (1936), 363 Ill. 418, the taxpayer

complained that certain real estate had been "twice assessed." The property at issue was improved by a one-story building, and an adjacent lot was improved with a three-story hotel building. Inadvertently, the assessor's office had placed the hotel building on the record card of the property in question. As a result of the error in excess value was placed on the property in question such that its assessed valuation was based upon a three-story hotel building as opposed to a one-story building. The taxpayer argued, relying on section 286, that after one assessment of the property has been made, any addition to this assessment, by mistake or otherwise, would be double to the extent of the addition, and any double assessment must be an erroneous addition to one full assessment of the same property.

The Illinois Supreme Court rejected this argument, holding that the property tax issue was simply one of overassessment and not one of double assessment under section 286, stating:

"Where taxes have been voluntarily paid in full on an over-assessment, due to arriving at a value based on mistake either of fact or judgment or other error on the part of the assessor, and where fraud was not an element in the over-assessment, courts are without jurisdiction to afford relief. *** [T]he sole remedy of a taxpayer for correcting an erroneous over-assessment not fraudulently made is an application for an abatement to such statutory agency as has been provided for hearing it, namely under the present statute, to the assessor or the board of appeals." 363 Ill. at 421-22.

In the case at bar, in its complaint plaintiff alleged that the common parcel was assessed for the years 1979 through 1983 and that it had paid the taxes due. Plaintiff further alleged, citing section 286 and section 10 of the Condominium Property Act, that the legislature clearly intended to tax the individual condominium owners for their percentage ownership in the common element and not the real estate as a whole. From the face of the complaint, it is our opinion that plaintiff has failed to state a cause of action for a refund under either statutory section. The plaintiff did not make any allegation in its complaint as to how the common parcel was twice assessed but merely quoted section 286. Plaintiff's complaint lacks any facts which support its contention that it was assessed twice or doubly taxed. On a motion to dismiss, all facts properly pled in the complaint are to be taken as true for the purposes of the motion (*Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 503 N.E.2d 246), however, such a motion does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which

such conclusions rest. (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.) In our judgment, plaintiff has failed to allege sufficient facts in its complaint to state a cause of action for a refund under either section 10 of the Condominium Property Act or section 286 of the Revenue Act.

Having determined that the trial court correctly found that the plaintiff's complaint failed to state a cause of action, we find it unnecessary to address plaintiff's remaining contention that the voluntary payment doctrine does not preclude its recovery of the taxes due.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

QUINLAN and MANNING, JJ., concur.