MICHAEL GREENBERG *et al.*, on Behalf of Themselves and all Other Persons Similarly Situated, Plaintiffs-Appellants, v. UNITED AIRLINES, Defendant-Appellee.

First District (6th Division) No. 1—90—0453

Opinion filed November 9, 1990.—Rehearing denied December 12, 1990.

42

Larry D. Drury, Ltd., of Chicago, for appellants.

Kirkland & Ellis, of Chicago (Stephen C. Neal, J. Andrew Langan, and Brian D. Sieve, of counsel), for appellee.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Plaintiffs Michael and Iris Greenberg sued United Airlines in 1989 contending that 1988 changes to the company's Mileage Plus frequent flier program breached a previous contract between the parties. Plaintiffs allege that the previous contract was made in 1981 when plaintiffs first joined the Mileage Plus program and began accruing miles. Plaintiffs sued for breach of contract, anticipatory breach, fraud, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1979, ch. 121½, par. 261 et seq.) and the Illinois Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1979, ch. 121½, par. 311 et seq.), negligent misrepresentation, breach of implied duty of fair dealing, and declaratory judgment contending the 1988 changes limit their rights under the 1981 contract. Plaintiffs sought relief for themselves and for a class of people similarly situated. A trial judge dismissed the amended complaint, never certifying the class, and found plaintiffs had failed to state a cause of action. We affirm the trial court's decision.

For purposes of this appeal, the parties agree that United and the Greenbergs entered into a contract in 1981. Because this action was dismissed on defendant's motion to strike the amended complaint and dismiss the cause of action, we consider only the sufficiency of the amended complaint.

The 1981 Mileage Plus rules were encompassed in a brochure mailed to several million existing United Airlines customers. Members

of the company's Red Carpet Club and Executive Air Travel Program were enrolled automatically and simply given cards on which they could record their mileage. The brochure described the method by which a frequent flier could accumulate miles until December 31, 1982, and described the benefits the frequent flier could receive by trading those miles for award certificates for discounted travel and other benefits. The brochure also stated: "Note: *** Award certificates must be requested by March 1, 1983. Mileage Plus discounted and free travel on United must be completed by June 30, 1983." The promotional brochure contained no other terms or conditions.

In March 1982, United mailed an "Advisory" to Mileage Plus users which said, in pertinent part, "Due to the overwhelmingly positive response, Mileage Plus will continue beyond December 31, 1982, until such time as we may elect to announce a new expiration date." Plaintiffs do not challenge defendant's action under the 1982 advisory that extended the deadline and permitted United to administer the Mileage Plus program as it did through June 1988. Plaintiffs joined the program in 1981 and continue to use the program.

A third brochure released in 1988 provided for changes that went into effect July 1, 1988. The 1988 rules include numerous revisions to the Mileage Plus program. The new program provides among other changes that frequent fliers who were members prior to July 1, 1988, would have until December 15, 1994, to use the mileage credit earned prior to July 1, 1989. The mileage redemption procedure in place prior to the 1988 rules changes will apply to those miles. After that time, the 1988 rules state, members can transfer their mileage to the "new program." Through this item in the brochure, United was exercising its option to set a new expiration date as expressed in the 1982 advisory.

The 1988 brochure includes terms and conditions that state that United has the right to terminate the program, or to change the program rules in whole or part at any time with or without notice, even though changes affect the value of the mileage already accumulated.

The final portion of the 1988 brochure includes the award redemption rules referred to above that provide for both existing Mileage Plus members and for new members. It states: "On or after July 1, 1989, whenever a member's account balance reaches 20,000 miles, four (4) Award Cheques, valid for three (3) full years will be automatically sent to the member, and 20,000 miles will be deducted from the account."

Plaintiffs filed suit against United in August 1989 alleging breach of contract, fraud, negligent misrepresentation, breach of an implied

duty of fair dealing, declaratory judgment and statutory violations of the Illinois Uniform Deceptive Trade Practices Act and the Consumer Fraud Act. Each count alleged that the 1988 rules interfered with rights already vested under the 1981 rules. The trial judge dismissed the complaint in October 1989 for failure to state a cause of action. Plaintiffs filed an amended complaint in November 1989, adding a count for anticipatory breach of contract. In January 1990, the trial judge dismissed the amended complaint with prejudice for failure to state a cause of action. The trial judge denied a subsequent motion for reconsideration filed by plaintiffs and plaintiffs appealed.

To state a cause of action, a complaint must be both legally and factually sufficient; it must set forth a legally recognized claim as its basis for recovery and must plead facts which bring the claim within the legally recognized cause of action alleged. Failure to meet both requirements mandates dismissal of the complaint. (*Sider v. Outboard Marine Corp.* (1987), 160 Ill. App. 3d 290, 299, 513 N.E.2d 449, 454.) In evaluating a motion to dismiss, all facts properly pleaded are taken as true (*Anderson Electric, Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146, 148, 503 N.E.2d 246, 247); however, conclusions of law or fact unsupported by allegations of specific fact upon which the conclusions rest are not admitted. *Stuart Town Homes Corp. v. Rosewell* (1988), 176 Ill. App. 3d 59, 63-64, 530 N.E.2d 1046, 1049.

Plaintiffs' complaint includes four legal theories that require an allegation of damages—breach of contract, anticipatory breach, fraud and negligent misrepresentation. *Sider*, 160 Ill. App. 3d 290 (injury is part of breach of contract action); *Yale Development Co. v. Aurora Pizza Hut, Inc.* (1981), 95 Ill. App. 3d 523, 420 N.E.2d 823 (injury is part of anticipatory breach action); *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 402 N.E.2d 599 (injury is part of fraud action); *Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 510 N.E.2d 409 (injury is part of negligent misrepresentation action).

Defendant argues that the fatal mistake in the allegations in these four counts in plaintiffs' complaint is a failure to allege an injury. We agree.

Plaintiffs' complaint seeks recovery in fraud because defendant "would not provide or honor Mileage Plus miles." Plaintiffs' complaint seeks recovery for breach of contract because plaintiffs "are not allowed to use or benefit by their earned miles." Plaintiffs' complaint seeks recovery for negligent misrepresentation because defendant "induced them to purchase the defendant's tickets and participate

in the Mileage Plus program." Plaintiffs' complaint seeks recovery for anticipatory breach because defendant's acts have "prevented plaintiff and the class from *** receiving accrued mileage from the defendant pursuant to the agreement of May, 1981." In each count, plaintiffs ask for damages equal to the cash equivalent of miles accrued, though they conceded at oral arguments that plaintiffs received a plane trip in consideration for each cash outlay on a purchased ticket.

Though some of these counts seek specific damages, none allege an injury already suffered. Plaintiffs state that they are ready to use their mileage under the 1981 contract. But plaintiffs have not alleged an intention to use mileage after 1994, the time limit set for them under the 1988 rules. The Greenbergs' complaint states: "Plaintiffs, and on information and belief, the class, have demanded that United honor the terms of its original contract. However, to date, United has failed to do so." The Greenbergs do admit they have used accrued miles after July 1, 1988, without any problems from United. To date, plaintiffs have not alleged a present actual loss of rights. Plaintiffs' argument underscores this by noting that "there was a positive and unequivocal manifestation by Defendant that the Plaintiffs' vested rights *would be* terminated by 1994." (Emphasis added.)

■ The record shows that at least through the time the case was dismissed, United had honored the Greenbergs' request to redeem the benefits of their accrued miles and we therefore find the trial court properly dismissed plaintiffs' charges of fraud, breach of contract, anticipatory breach and negligent misrepresentation for failure to state a cause of action because of plaintiffs' failure and inability to allege any injury suffered.

■ The trial court granted defendant's motion to dismiss plaintiffs' statutory claims under the Consumer Fraud Act (Ill. Rev. Stat. 1979, ch. 121½, par. 261 *et seq.*). Plaintiffs' reliance on the Consumer Fraud Act for injunctive relief is in error. Under the Act the Attorney General is given sole power to obtain an injunction against a person engaged in, engaging in, or who is about to engage in an unlawful practice. *Martin v. Eggert* (1988), 174 Ill. App. 3d 71, 77, 528 N.E.2d 386, 389.

The Act does permit a cause of action for damages and a violation can be found even if no damages are suffered. "Any person who suffers damage as a result of a violation of Sections 2 through 2N of this Act committed by any other person may bring an action against such person." (Ill. Rev. Stat. 1979, ch. 121½, par. 270a.) "Unfair methods of competition and unfair or deceptive acts or practices, including *** misrepresentation or the concealment, suppression or omission of such

material fact \*\*\* in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." Ill. Rev. Stat. 1979, ch. 121½, par. 262.

■ Under the Consumer Fraud Act, plaintiffs must show that they suffered damages as result of: (1) a deceptive act or practice, (2) an intent by defendant that he rely on the deception and that (3) the deception occurred in the course of conduct involving a trade or commerce. Ill. Rev. Stat. 1979, ch. 121½, par. 262.

Plaintiffs argue that United fraudulently omitted information in the 1981 contract when it failed to inform plaintiffs that the contract would not be honored at some time in the future and that the Mileage Plus program, and not simply the ability to accrue miles, would end in 1983. Plaintiffs also allege United violated the Consumer Fraud Act by failing to inform plaintiffs in 1981 that (in 1988) their accumulated mileage would be changed so that thereafter this mileage would be used to automatically issue award checks if an individual reached 20,000 miles.

■ Under plaintiffs' scenario, United would have had to plan the 1988 changes before the 1981 rules were instituted. Plaintiffs fail to allege any facts to support a finding of such pre-planning on the part of United. Plaintiffs' charge of such calculated planning by United is supported only by allegations that United remained silent back in 1981. The Consumer Fraud Act is not intended to transform nondeceptive and nonfraudulent statements or omissions into actionable ones. (*Salkeld v. V.R. Business Brokers* (1989), 192 Ill. App. 3d 663, 678, 548 N.E.2d 1151, 1160.) The trial court properly dismissed plaintiffs' Consumer Fraud Act count.

Plaintiffs contend defendant also violated the Illinois Uniform Deceptive Trade Practices Act. The Act states, in pertinent part: "A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he: \*\*\* (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Ill. Rev. Stat. 1979, ch. 121½, par. 312.

■ The Act does not provide a cause of action for damages (*Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 253, 483 N.E.2d 1263, 1267), but it does permit private suits for injunctive relief and has generally been held to apply to situations where one competitor is harmed or may be harmed by the unfair trade practices of another. (*Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 274, 361 N.E.2d 815, 821.) Although the Act was intended to protect business people, a consumer action is permissible if the consumer can allege facts which would indicate he is "likely to be dam-

aged" in the future. *Brooks*, 47 Ill. App. 3d at 275.

The Greenbergs plead for injunctive relief to prevent irreparable injury they contend they will suffer by having to use their accrued miles by 1994. Irreparable injury includes an injury "which, *** because no certain pecuniary standard exists for the measurement of damages, cannot receive reasonable redress in a court of law. Wrongs *** which occasion damages that are estimated only by conjecture *** are included." Black's Law Dictionary 706-07 (5th ed. 1979).

■ If plaintiffs could be compensated with a cash recovery, their harm is not irreparable. (*Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 141-42, 423 N.E.2d 1253, 1257.) A trial court can grant injunctive relief, however, if there is a threat that the harm is likely to occur in the future. (*American Pet Motels, Inc. v. Chicago Veterinary Medical Association* (1982), 106 Ill. App. 3d 626, 633, 435 N.E.2d 1297, 1302.) Plaintiffs argue just such a harm here and ask that the 1988 rules be stricken and the 1981 rules be continued indefinitely.

To state a cause of action for injunctive relief, a plaintiff must minimally allege that he is likely to be damaged by another's deceptive trade practice. (*Baughman v. Martindale-Hubbell, Inc.* (1984), 129 Ill. App. 3d 506, 510, 472 N.E.2d 582, 585.) Plaintiffs allege they will be damaged in the future because defendant's "promoting and advertising of their Mileage Plus program is conduct which creates a likelihood of confusion or misunderstanding between the parties."

■ We find plaintiffs' complaint alleges only the language of the statute itself. Plaintiffs do not allege how or why a likelihood of confusion in the Mileage Plus program would occur in the future. Plaintiffs now know what the 1988 rules require. The rules are explicit. We see no allegation of confusion in the future nor can we conceive of any situation in which such confusion would arise. The trial judge properly dismissed plaintiffs' count for failure to state a cause of action under the Illinois Uniform Deceptive Trade Practices Act.

Plaintiffs' complaint alleges that United breached its implied duty to deal in good faith by "refusing to honor all earned 'Mileage Plus' miles." Plaintiffs call this conduct of United's "outrageous dealings."

Every contract implies good faith and fair dealing between parties. (*Dykstra v. Crestwood Bank* (1983), 117 Ill. App. 3d 821, 826, 454 N.E.2d 51, 55.) The trial court granted defendant's motion to dismiss plaintiffs' charge of breach of an implied duty of good faith.

■ We note again that plaintiffs have failed to allege how or when United has refused to honor earned miles. At the time of oral arguments, plaintiffs' attorney did not dispute the United contention that the Greenbergs used accrued miles after July 1, 1988. The trial

court's decision to dismiss this count was not in error.

The trial judge granted defendant's motion to dismiss plaintiffs' declaratory judgment count. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination of the construction of any contract and a declaration of the rights of the parties interested. Ill. Rev. Stat. 1989, ch. 110, par. 2—701(a).

An actual controversy exists if there is a legitimate dispute admitting of an immediate and definite determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. (*Kerr Steamship Co. v. Chicago Title & Trust Co.* (1983), 120 Ill. App. 3d 998, 1003, 458 N. E. 2d 1009, 1013.) The condition of justiciability is satisfied where the mere existence of a challenge to the plaintiffs' legal interests casts doubt, insecurity and uncertainty upon the plaintiffs' rights or status. *Stone v. Omnicom Cable Television of Illinois, Inc.* (1985), 131 Ill. App. 3d 210, 214, 475 N.E.2d 223, 227.

Defendant argues that no controversy exists, that rules are clear, and declaratory relief is unnecessary. Defendant also cites another case which holds a declaratory judgment action is derivative and cannot stand without an existing claim based on a particular substantive legal theory. *Mack v. Plaza DeWitt Limited Partnership* (1985), 137 Ill. App. 3d 343, 349, 484 N.E.2d 900, 905.

Plaintiffs' complaint states only that "an actual controversy exists between the parties concerning their rights under the rules of the Mileage Plus program, whereby the plaintiffs request that the court make a binding determination and judgment concerning the parties' rights with respect thereto."

Plaintiffs contend in their brief in opposition to the motion to dismiss before the trial court that a present controversy exists over whether United can change the 1981 Mileage Plus agreement. Plaintiffs state that even though their complaint alleges they have already suffered injury because of the controversy, they also argue that no party need be injured to sustain an action. *Stone*, 131 Ill. App. 3d at 214.

Plaintiffs' reliance on *Stone* is ill-advised since *Stone* is factually distinguishable from our case. In *Stone*, a cable company, nearly two years before plaintiff's suit was filed, had installed a television cable underground on plaintiff's property. Plaintiff sought declaratory judgment, alleging a continuing trespass and seeking an interpretation of a State statute.

We see no present harm alleged here that will continue without the court's intrusion. Plaintiffs acknowledge that they were willing to accept the existing Mileage Plus rules up to and including June 1988. They now allege a harm could occur in the future.

■■ The court will not render a judgment based on mere abstract propositions of law, render an advisory opinion or give legal guidance regarding future events. (*Stone*, 131 Ill. App. 3d at 214.) The court in *Stone* stated that a declaratory judgment action required that plaintiff plead a demonstrable protected interest and that his or her rights will be affected adversely by defendant's actions. (*Stone*, 131 Ill. App. 3d at 214.) Though plaintiffs may have a protectable interest in miles accrued, they have failed to plead any adverse effect they will suffer under the 1988 rules charges.

■■ The decision to grant or deny a request for declaratory judgment is a question that rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. (*Stone*, 131 Ill. App. 3d at 215.) We find no abuse of discretion and hold that the trial judge properly granted defendant's motion to dismiss the action for declaratory judgment.

■■ The trial judge granted defendant's motion to dismiss plaintiffs' request for punitive damages. Plaintiffs' complaint asks for $1 million in punitive damages for the "willful, and malicious acts of the defendant." However, on appeal plaintiffs do not raise as an issue the question of whether the trial judge properly dismissed the punitive damage portion of the complaint. Therefore, it is deemed waived. *Anderson v. Smith* (1980), 91 Ill. App. 3d 938, 415 N.E.2d 643.

For the foregoing reasons, we find the trial court properly dismissed plaintiffs' amended complaint. We affirm the decision of the trial court.

Affirmed.

McNAMARA and RAKOWSKI, JJ., concur.