636 N.E.2d 625 (1993)
264 Ill. App.3d 576
201 Ill.Dec. 193
Michael P. LIHOSIT, Individually and on behalf of all other persons similarly situated, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 1-91-3285.
Appellate Court of Illinois, First District, Second Division.
March 2, 1993.
*626 Raymond P. Concannon, Ltd., Chicago (Raymond P. Concannon, Michael P. Concannon, of counsel), for plaintiff-appellant.
Taylor, Miller, Sprowl, Hoffnagle & Merletti, Chicago (Frank C. Stevens, James J. Hoffnagle, of counsel), for defendant-appellee.
Justice SCARIANO delivered the opinion of the court:
On December 22, 1989, plaintiff Michael P. Lihosit was involved in an automobile accident with an uninsured motorist. At the time, plaintiff was insured by defendant State Farm Mutual Automobile Insurance Company under a policy which provided uninsured motorist coverage of $20,000 per person for death or bodily injury, and $40,000 per accident, exclusive of interest and costs. Because the parties could not settle their differences regarding plaintiff's uninsured motorist claim, the cause proceeded to arbitration, which the policy provides as the means of resolving such disputes. Plaintiff's policy contained the following clause with respect to the selection of arbitrators:
"Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association. The written decision of any two arbitrators shall be binding on each party. The cost of the arbitrator, attorney and any expert witness shall be paid by the party who hired them. However, in no event shall the expense to the insured, exclusive of fees for attorneys and expert witnesses, reduce recovery below the Illinois Safety Responsibility Law Minimum limit." (Emphasis added.)
Pursuant to this clause of the policy, an arbitration panel was chosen, and thereafter an attorney for defendant, James Rados, sent a letter to plaintiff which indicated that he would be responsible for half of the cost for the third arbitrator. In response, plaintiff filed a class action against defendant in his own behalf and that of all others similarly situated, claiming that the above-quoted arbitration provision found in all of defendant's policies violates section 143a of the Illinois Insurance Code (Ill.Rev.Stat.1991, ch. 73, par. 755a), and the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act). (Ill.Rev.Stat.1991, ch. 121½, par. 261 et seq.) Although section 143a is silent with respect to the question of who is responsible for arbitrators' fees,[1] plaintiff asserted *627 that the purpose of the statute prohibits an insurer from ever requiring an insured to pay for any portion of arbitrators' fees in an uninsured motorist claim.
In its answer to plaintiff's complaint, defendant admitted that the letter sent by its attorney was in error and that, consistent with plaintiff's policy and applicable Illinois law as expressed in Nickla v. Industrial Fire & Casualty (1976), 38 Ill.App.3d 927, 349 N.E.2d 644, plaintiff would not have to bear any part of the cost of any of the arbitrators' fees since his $20,000/$40,000 uninsured motorist coverage is the statutory minimum.[2] Defendant thereafter moved for summary judgment, reiterating that:
"It is the intent and the purport of the [last sentence of the above quoted portion of plaintiff's policy] that in those cases where the uninsured motorist limits are the statutory minimum ($20,000/$40,000), or in those cases where the award were to be reduced to or below the statutory minimum by the payment of arbitrators' fees by the insured, the cost of the arbitrator hired by the insured and one-half of the cost of the third arbitrator are not to be borne by the insured making claim [sic] for arbitration. * * * In those cases all of the three arbitrators' fees are to be paid by State Farm.
* * * * * *
In the instant case, because the uninsured motorist limits of [plaintiff's] policy were in the amount of the minimum required by law ($20,000/$40,000), the plaintiff does not bear the cost of his arbitrator or one-half of the cost of the third arbitrator, said costs being borne by State Farm." (Emphasis in original.)
At the hearing on defendant's summary judgment motion, the trial court, sua sponte, dismissed plaintiff's action, stating that it was premature; thus no case or controversy existed. It reasoned that since plaintiff had not been charged with any arbitrators' fees and that defendant stated that he would not, and could not under Nickla, be charged with such expenses, the case was not ripe for adjudication. Plaintiff appeals from that dismissal.

I.
Plaintiff asserts, with respect to his individual claim, that the trial court erred in dismissing his action for declaratory relief because he has a vital and present interest in having the court determine before the arbitration hearing whether he will be charged with arbitrators' fees. The Declaratory Judgment Act (Act) provides in pertinent part that:
"Declaratory judgments. (a) No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment or order, if it appears that the judgment or order, would *628 not terminate the controversy, or some part thereof, giving rise to the proceeding." (Ill.Rev.Stat.1991, ch. 110, par. 2-701(a).)
Although we are required to apply the Act liberally (Illinois Gamefowl Breeders' Association v. Block (1979), 75 Ill.2d 443, 452, 27 Ill.Dec. 465, 468, 389 N.E.2d 529, 532), its provisions are to be strictly complied with and its prescribed rules of procedure are to be closely followed. (Saline Branch Drainage District. v. Urbana-Champaign Sanitary District (1948), 399 Ill. 189, 192, 77 N.E.2d 158, 160; Gagne v. Village of LaGrange (1976), 36 Ill.App.3d 864, 867, 345 N.E.2d 108, 111.) Declaratory judgments are designed to settle and fix the rights of the parties before there has been an irrevocable change in their positions in disregard of their respective claims of right, and the procedure should be used to afford security and relief against uncertainty with a view to avoiding litigation, not toward aiding it. City of Chicago v. Department of Human Rights (1986), 141 Ill.App.3d 165, 170, 95 Ill.Dec. 580, 584, 490 N.E.2d 53, 57.
In Underground Contractors Association v. City of Chicago (1977), 66 Ill.2d 371, 5 Ill.Dec. 827, 362 N.E.2d 298, our supreme court outlined the threshold requirements for standing in order to bring an action for a declaratory judgment. It stated:
"Essentially, there are two main, general requirements for standing to bring an action for declaratory relief. First, there must be an `actual controversy.' [Citation.] `Actual' in this context does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. [Citations.] The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the determination of the controversy or some part thereof. [Citations.]
The second, and somewhat related requirement, is that the party seeking the declaration must be `interested' in the controversy. The word, `interested' does not mean merely having a curiosity about or a concern for the outcome of the controversy. Rather, the party seeking relief must possess a personal claim, status, or right which is capable of being affected. [Citations.] The dispute must, therefore, touch the legal relations of the parties who stand in a position adverse to one another. [Citation.]" Underground Contractors, 66 Ill.2d at 375-76, 5 Ill.Dec. at 829-30, 362 N.E.2d at 300-01.
The decision to grant or to deny a request for declaratory relief rests within the sound discretion of the trial court, and we will not disturb that determination absent an abuse thereof. (Marlow v. American Suzuki Motor Corp. (1991), 222 Ill.App.3d 722, 728, 165 Ill.Dec. 166, 170, 584 N.E.2d 345, 349; Greenberg v. United Airlines (1990), 206 Ill. App.3d 40, 49, 150 Ill.Dec. 904, 911, 563 N.E.2d 1031, 1038, appeal denied, (1991), 137 Ill.2d 664, 156 Ill.Dec. 561, 571 N.E.2d 148.) The appropriate method of declining to grant declaratory relief is to dismiss the action. Stone v. Omnicom Cable Television, Inc. (1985), 131 Ill.App.3d 210, 215, 86 Ill.Dec. 226, 230, 475 N.E.2d 223, 227; Mendelsohn v. CNA Insurance Co. (1983), 115 Ill.App.3d 964, 968, 71 Ill.Dec. 765, 769, 451 N.E.2d 919, 923.
In the case at bar, we find that the trial court properly dismissed plaintiff's individual prayer for declaratory relief for the reason that no "actual controversy" exists. "A court will not declare the rights of parties on a state of facts which has not arisen and which may never arise or on a matter which is future, contingent, and uncertain." (Continental Illinois National Bank & Trust Co. v. Bailey (1982), 104 Ill.App.3d 1131, 1139, 60 Ill.Dec. 860, 865-56, 433 N.E.2d 1098, 1103-04; accord People v. Naseef (1984), 127 Ill. App.3d 70, 74, 82 Ill.Dec. 204, 207, 468 N.E.2d 466, 469.) Here, defendant has explicitly vowed to pay all of the arbitrators' fees under plaintiff's policy in accordance with our decision in Nickla, and it concedes *629 that the letter sent to plaintiff to the contrary was sent in error and should thus be disregarded.[3] The situation would be altogether different if there were any doubt remaining as to defendant's position on this matter; however, both parties agree that defendant must bear the entire cost of the arbitrators' expense; thus there exists no "actual controversy" between them. (See Griffin v. County of Cook (1938), 369 Ill. 380, 398, 16 N.E.2d 906, 915 ("The essentials of declaratory judgment are: (1) A plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; (3) an actual controversy between the parties concerning such interests." (Emphasis added.)); accord McClellan v. Banc Midwest, N.A. (1987), 164 Ill.App.3d 304, 311, 115 Ill.Dec. 351, 356, 517 N.E.2d 762, 767, appeal denied, (1987), 121 Ill.2d 572, 122 Ill.Dec. 439, 526 N.E.2d 832.) Consequently, we hold that the trial court properly dismissed plaintiff's complaint as to his individual claim because of his lack of standing.

II.
Plaintiff also argues that his request for declaratory relief, insofar as it asserts the rights of all others similarly situated, should not have been dismissed. He contends that a logical synthesis of the case law in this State that has dealt with the uninsured motorist provisions of the Insurance Code (Ill. Rev.Stat.1991, ch. 73, par. 755a) leads to the conclusion that an insured who demands arbitration of an uninsured motorist claim should never be required to pay arbitrators' fees, even if the uninsured motorist coverage is in excess of the statutory minimum. Plaintiff purports to represent a class of policyholders having uninsured motorist policies in excess of the statutory minimum, who have received a letter from defendant indicating that they may have to bear the cost of some of the arbitrators' fees. The trial court refused to hear plaintiff's argument as to this aspect of the case on the ground that to do so would in effect result in giving an advisory opinion.
We agree with the trial court. As mentioned above, in order to have standing to bring an action for declaratory judgment, a plaintiff must be an "interested" party, and "interested" means more than merely having a curiosity about or a concern for some outcome of the controversy; instead, the party must have a personal claim, stake, status, or right which is capable of being protected and which touches the legal relations of parties who are adverse to one another. (Underground Contractors, 66 Ill.2d at 375-76, 5 Ill.Dec. at 830, 362 N.E.2d at 301; accord Forsberg v. City of Chicago (1986), 151 Ill. App.3d 354, 370, 104 Ill.Dec. 20, 33, 502 N.E.2d 283, 296, appeal denied, (1987), 114 Ill.2d 545, 108 Ill.Dec. 416, 508 N.E.2d 727.) In the case sub judice, plaintiff has uninsured motorist insurance for the minimum statutory coverage, and under Nickla, he cannot be required to pay any arbitrators' expenses, a fact which is reflected in his policy. Therefore, plaintiff has no interest whatsoever in any dispute over whether insureds who have uninsured motorist coverage in excess of the statutory minimum can ever be required to pay arbitrators' fees. Accordingly, he cannot claim declaratory relief on this issue.
Having determined that plaintiff does not have standing to litigate the question of whether holders of uninsured motorist policies in excess of the statutory minimum can ever be assessed arbitrators' fees, it is axiomatic that he cannot represent a class of those who might have a legal interest in that controversy. (Glazewski v. Coronet Insurance Co. (1985), 108 Ill.2d 243, 254, 91 Ill. Dec. 628, 633, 483 N.E.2d 1263, 1268; Landesman v. General Motors Corp. (1978), 72 Ill.2d 44, 47-48, 18 Ill.Dec. 328, 329-30, 377 N.E.2d 813, 814-15; Marlow, 222 Ill. App.3d at 729, 165 Ill.Dec. at 170, 584 N.E.2d at 349.) Consequently, the trial court properly dismissed plaintiff's class action due to his lack of standing.
*630 For all of the foregoing reasons, we affirm the trial court's judgment dismissing plaintiff's action.
Affirmed.
McCORMICK, P.J., and DiVITO, J., concur.
NOTES
[1] Section 143a states in pertinent part that: "(1) No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle that is designed for use on public highways and that is either required to be registered in this State * * * shall be renewed, delivered, or issued for delivery in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7-203 of the Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. No policy shall be renewed, delivered, or issued for delivery in this State unless it is provided therein that any dispute with respect to the coverage shall be submitted for arbitration to the American Arbitration Association or for determination in the following manner: Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the 2 arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that the arbitration be submitted to the American Arbitration Association. Any decision made by the arbitrators shall be binding * * *." (Ill.Rev.Stat. 1991, ch. 73, par. 755a.)
[2] In Nickla, the court held that an insured cannot be charged with arbitrators' fees incurred in an arbitration of an uninsured motorist claim where the policy is equal to the statutory minimum, since such an expense would dilute the value of the policy in violation of the statute requiring the minimum amount of coverage. (Nickla, 38 Ill.App.3d 927, 931, 349 N.E.2d at 647.)
[3] We take defendant at its word given to the trial court that the erroneous letter sent to plaintiff was an isolated incident, and not an overall policy of bluffing insureds holding minimum uninsured motorist coverage into believing that they may be responsible for a portion of arbitrators' fees.